STATE OF MINNESOTA v. JOSEPH ARBES.[1]

December 13, 1897.

Nos. 10,763—(34).

Criminal Law—Withdrawal of Plea—Discretion of Court.
  *Held*, the court did not abuse its discretion in denying defendant leave to withdraw his plea of not guilty for the purpose of enabling him to move to quash the indictment on the ground that two of the members of the grand jury that returned the same were aliens.

[1] Reported in 73 N. W. 403.

Intoxicating Liquors—Indictment for Selling—Local Option.

> *Held,* an indictment will lie under G. S. 1894, §§ 1993, 2029, for selling intoxicating liquor in the village of Claremont, notwithstanding that the village was organized by a special law, and the voters had voted against license according to the provisions of said special law and of Laws 1895, c. 259.

Indictment before the district court for Dodge county for illegal sale of intoxicating liquors without first having obtained a license therefor. At the trial when the state rested, defendant moved to dismiss the case because of a fatal variance between the indictment and the proof. That the proof and admissions showed that Claremont is an incorporated village and the crime, if committed, was committed within the corporate limits of the village, and that "license" was voted down prior to the time of the alleged offense. That the crime, if committed, was committed in an incorporated village and cannot be sustained under the general law. The motion was denied and defendant excepted. The jury found defendant guilty as charged.

From a judgment of the court, Buckham, J., sentencing defendant to pay a fine of one hundred dollars and be imprisoned for a period of ninety days, defendant appealed. Affirmed.

*Littleton & McCaughey,* for appellant.

The granting of license and the sale of intoxicating liquors in the village of Claremont are under the exclusive control of the people of that village. Sp. Laws 1878, c. 9, § 16. The indictment for selling such liquors should describe the offense as selling after the voters of the village had voted against license, and an indictment, as in the case at bar, cannot be sustained under G. S. 1894, c. 16, § 2029, as having sold without first having obtained a license therefor. State v. Hanley, 25 Minn. 429; State v. Langdon, 31 Minn. 316. The amendment to Sp. Laws 1878, c. 9 (the charter of Claremont), by Sp. Laws 1881, c. 58, § 3, does not place this case under G. S. 1894, c. 16, § 2029. Sp. Laws 1878, c. 9, § 16, made no provision for the punishment of persons violating that section of its charter.

*H. W. Childs* and *Samuel Lord,* for respondent.

The district court did not err in refusing to allow the defendant to withdraw his plea of not guilty and enter a motion to dismiss or quash the indictment for alleged defects in the organization of the grand jury. G. S. 1894, §§ 7282, 7283, 7284, 7285; State v. Schumm, 47 Minn. 373; State v. Dick, 47 Minn. 375; State v. Ostrander, 18 Iowa, 435.

Prior to the year 1895 the only charge that could be made against a person for selling intoxicating liquor in the village of Claremont after a vote of the people of that village against license was the charge that he sold "without license," as in the case at bar, and since the enactment of Laws 1895, c. 259, the indictment may properly be drawn in either way. State v. Holt, 69 Minn. 423. From the time of its incorporation in 1878 until the passage of Sp. Laws 1881, c. 58, the sale of intoxicating liquor in the village of Claremont was, subject to the local option provision of the charter, under the exclusive control of the common council, and the village was exempted from the operation of the general laws of the state. Sp. Laws 1878, c. 9, § 16; State v. Wheeler, 27 Minn. 76. Section 16, as above amended, was the only state law providing for the prosecution and punishment of illegal liquor selling in the village from February 9, 1881, until the passage of Laws 1887, cc. 5 and 6, and it continues to be law, so far as the village is concerned, to this day, except in so far as it has been modified and superseded by various provisions of Laws 1887, cc. 5, 6.

The local option clause in the charter of the village (section 16) is substantially the same as the law granting local option to municipal townships (G. S. 1894, § 1990), and this court has decided that: "After a town has voted against license, pursuant to G. S. 1878, c. 16, § 1" (section 1990), "an indictment may be found under G. S. 1878, c. 16, § 4, against one who sells in the town without license. The vote of the town does not affect the offense described by that section." State v. Funk, 27 Minn. 318; State v. Pfeifer, 26 Minn. 175; State v. Fleckenstein, 26 Minn. 177; State v. Schmail, 25 Minn. 370. State v. Hanley, 25 Minn. 429, has no application to this case.

CANTY, J.

Defendant was indicted for the crime of selling intoxicating liquor without a license, was convicted and sentenced, and appeals from the judgment.

1. The indictment was found at the October, 1896, term of court. The defendant was then arraigned, and pleaded not guilty, and the case was by consent continued to the next term, at which, on April 28, 1897, the case was called for trial. Defendant then, and before the jury was impaneled, asked leave to withdraw his plea of not guilty for the purpose of moving to quash the indictment, for the reason that two of the grand jurors who returned the same were aliens, neither of whom had ever declared his intention to become a citizen of the United States. These facts appear by affidavits then presented to the court. Leave to withdraw the plea was denied, and this is assigned as error. The granting or denying such leave was in the discretion of the court, and clearly it has not abused its discretion.

2. The charging part of the indictment is as follows:

"The said Joseph Arbes on the 31st day of August, A. D. 1896, at the township of Claremont, in the county of Dodge and state of Minnesota, did then and there willfully, wrongfully, and unlawfully sell to one Edward Loader a less quantity of intoxicating liquor than five gallons, to wit, one gill thereof; said Joseph Arbes not having then and there authority or license to sell intoxicating liquor in a less quantity than five gallons, and not dispensing said intoxicating liquor upon the written prescription of a physician."

It appeared on the trial that the intoxicating liquor in question was sold by defendant at his drug store in the village of Claremont, which is within the township of Claremont. It was admitted by both parties on the trial that the village of Claremont is incorporated, and that "at the general village election in 1896, prior to the time this crime is charged, the citizens of that village voted upon the question of license or no license, and they voted no license."

On this admission defendant objected to the sufficiency of the indictment on the ground, as we understand it, that, as the crime

was committed in the village of Claremont, an indictment under section 1993, as modified by section 2029, G. S. 1894, will not lie.

3. The village of Claremont was incorporated by chapter 9, Sp. Laws 1878. Section 16 of this act, as originally passed, placed the sale of intoxicating liquors within the village "under the exclusive control of the common council," subject to the local option provisions contained in that section. But the section was amended by section 3, c. 58, Sp. Laws 1881, by authorizing the indictment and prosecution in the district court, "under the provisions of chapter 16 of the General Statutes of this state and the amendments thereof heretofore or hereinafter made," of any person who shall sell or dispose of any intoxicating liquor in the village, without license. Since this amendment State v. Hanley, 25 Minn. 429, cited by appellant, is no authority for holding that the general laws of the state do not apply to a case of selling intoxicating liquors in this village without license.

Again, appellant was sentenced under section 4, c. 6, Laws 1887 (said section 2029), which provides a penalty for selling or disposing of "intoxicating liquor without first having obtained a license therefor agreeably to the laws of this state"; and section 5 (section 2030) provides that

The act shall be applicable to all cities and villages, whether organized "under general or special law, * * * whether or not said municipal corporations have the right by general or special charter or general or special laws to grant licenses for the sale of intoxicating liquors or to regulate said sale through or by any council or officer of the same, anything in the charter of any municipal corporation in this state to the contrary, notwithstanding."

Then, clearly, appellant was properly prosecuted under said section 1993, as modified by said section 2029, unless this rule is changed by chapter 259, Laws 1895. But that question has been disposed of adversely to appellant by the decision in State v. Holt, 69 Minn. 423, 72 N. W. 700, and we adhere to that decision. This disposes of all the questions raised.

Judgment affirmed.