MICHAEL D. KELLY v. CITY OF FARIBAULT.[1]

April 12, 1901.

Nos. 12,581—(35).

### Intoxicating Liquor—License Fee—G. S. 1894, § 2023.

Laws 1887, c. 5, § 2 (G. S. 1894, § 2023), construed and *held* that it forbids the granting of licenses for the sale of intoxicating liquors for a less sum than $500, and authorizes the council of any city of the class designated, including the defendant, to exact a license fee in excess of such sum.

Appeal by plaintiff from an order of the district court for Rice county, Buckham, J., sustaining a demurrer to the complaint. Affirmed.

*Geo. N. Baxter* and *H. T. Kyle*, for appellant.

*Thomas H. Quinn*, for respondent.

START, C. J.

Action to recover $300, which the complaint alleges was illegally exacted of the plaintiff by defendant city, and paid to it by him, under protest, for an excessive license fee, and this is an appeal by the plaintiff from an order sustaining a general demurrer to his complaint. The precise question raised by the record is, has the city of Faribault power to exact a greater license fee for the sale of intoxicating liquors than $500? The city has a population less than ten thousand, and its charter, as amended by Sp. Laws 1885, c. 66, § 1, gives to the city council power to license and regulate all persons dealing in intoxicating liquors;

"Provided, that five hundred (500) dollars shall be charged and received for every license for dealing in spirituous, vinous, fermented and malt liquors, and that all licenses shall terminate on the first (1st) Monday in May next after the date of their issue respectively; and provided, further, that the common council may, in its discretion, grant licenses to manufacturers of malt liquors to deal exclusively in the same, and special licenses to druggists for the sale of the liquors hereinabove mentioned, for chemical,

[1] Reported in 85 N. W. 720.

medicinal and mechanical purposes only; and the sum charged for each of such licenses shall not be less than fifty (50) dollars per year."

The complaint alleges that on April 26, 1900, the city council, contrary to these charter provisions, passed a pretended ordinance, fixing the license fee for ordinary dealers in intoxicating liquors at $800, which sum the plaintiff was required to pay for his license.

The defendant's contention is that the ordinance is valid by virtue of the provisions of Laws 1887, c. 5, § 2 (G. S. 1894, § 2023), which are as follows:

"No license for the sale of intoxicating liquors shall be granted to any person applying for the same under the provisions of the charter of any city of this state, which city contains a population of less than ten thousand people, by the municipal authorities of said city, except upon the condition that said applicant shall, before the issuance of said license, pay into the treasury of said city, in the manner provided by its charter, a license fee of five hundred dollars, or such fee in excess of said sum as the city council of said city shall, in the manner provided by its charter, fix and prescribe; anything in the charter of any city to the contrary, notwithstanding."

On the other hand the plaintiff claims that this act was intended simply to fix a uniform minimum license fee throughout the state, leaving the question as to any higher fee to be determined by city councils in accordance with the terms of their respective charters.

As we understand this claim, it is to the effect that the act forbids the fixing of the license fee at a less sum than $500, leaving it optional with municipalities to fix a higher fee if their respective charters authorize it; otherwise, not. But where, as in the case of the defendant city, the charter fixes the fee at $500, the act does not authorize any increase thereof; or, in other words, that the general act does not operate to repeal or modify the charter of the defendant fixing the license fee absolutely at $500, or to confer power upon the city to fix a higher license. The provisions of the general law under consideration are by its express terms made applicable to cities, and supersede all incon-

sistent charter provisions as to the terms and conditions upon which licenses may be issued. State v. Peterson, 38 Minn. 143, 36 N. W. 443. The solution, then, of the question for our decision depends upon the further question whether G. S. 1894, § 2023, is inconsistent with or modifies the charter provision fixing the license fee at $500. Even if the general act be not repugnant to the provisions of the charter as to the amount of the license fee, yet, if it was clearly intended to prescribe the only rule which should govern in such case, it repeals the charter provision pro tanto. Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375.

Now, it is quite obvious, from a mere reading of section 2023, that it was intended to secure two results: First, to prohibit the granting of licenses for the sale of intoxicating liquors in cities of the class designated for a less fee than $500; second, to authorize the council of any such city, in their discretion, to fix and prescribe, in the manner provided by its charter, a license fee in excess of such sum. And such is our construction of the statute. As so construed, it applies to all cities of the class named, including the defendant city, and is inconsistent with all charter provisions limiting the license fee to $500.

In reaching this conclusion we have not overlooked the contention of plaintiff that there is no manner provided by the charter of the city of Faribault for fixing or prescribing the amount of the license fee, because the charter itself fixes the amount. Suppose the charter of the defendant had been amended by a special act (as might have been done in 1887), so that the first proviso in the part we have quoted should read: "Provided, that five hundred (500) dollars, or such fee in excess of such sum as the council of such city may fix and prescribe in the manner provided by its charter, shall be charged for every license for the sale of intoxicating liquors,"—would it not be clear that the charter contained ample provisions as to the manner of fixing the license fee in excess of the minimum sum named? The charter answers the question in the affirmative; for by its express terms the city council are empowered, by ordinance, resolution, or by-law, to license and regulate all persons dealing in intoxicating liquors. This necessarily includes the power to so fix the amount of the license

fee within the limits prescribed by law.   State v. Barge, 82 Minn. 256, 84 N. W. 911.   The fact that the implied limitation in the defendant's charter, fixing absolutely the amount of the license fee, was repealed by the general act of 1887, because inconsistent therewith, and not by a direct amendment of the charter, is of no importance; for in either case the charter provisions as to the manner of fixing the amount of the fee would be the same.

It follows that the council of the city of Faribault had the power to pass the ordinance in question, and fix the license fee at $800, and that the order sustaining the demurrer must be and is affirmed.