STATE v. FRANK SWANSON.[1]

December 20, 1901.

Nos. 12,873—(22).

**Sale of Intoxicating Liquor.**

An indictment will lie, under the provisions of Laws 1887, c. 6,—the high license law,—for selling intoxicating liquors without a license in the village of Cannon Falls, although the village was organized by a special act which gave to the village council exclusive jurisdiction of the liquor traffic, and the voters had voted against granting licenses for the sale of intoxicating liquors within the village.

Defendant was indicted in the district court for Goodhue county for selling intoxicating liquor without a license at the village of Cannon Falls. An order, Williston, J., overruling a demurrer to the indictment having been entered, the court at the request of the parties certified to the supreme court for its determination the questions set out in the opinion. Order affirmed.

*F. M. Wilson*, for appellant.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, and *Albert Johnson*, County Attorney, for the State.

[1] Reported in 88 N. W. 416.

START, C. J.

An indictment against the defendant was returned by the grand jury of the county of Goodhue, charging him with having on January 2, 1901, at the village of Cannon Falls, in that county, unlawfully sold A. M. intoxicating liquors in a less quantity than five gallons, to wit, one gill of whiskey, without first having obtained a license therefor agreeably to the laws of the state. The defendant demurred to this indictment, and the demurrer was overruled. Thereupon the trial court, at the request of the parties, certified, pursuant to G. S. 1894, § 7395, to this court, two questions, viz.:

First. Do the provisions of Laws 1887, c. 6, repeal or abrogate Sp. Laws 1874, c. 5, incorporating the village of Cannon Falls, Minnesota, so as to take away exclusive jurisdiction of the liquor traffic delegated to the village council by the said special act?

Second. The legal voters of said village, April 2, 1900, voted against the issuance of license for the sale of intoxicating liquors therein for the ensuing year. Is the indictment sufficient, alleging, as it does, a sale without license?

The answer to the second question depends upon the answer to be given to the first one; for, if the high license act (Laws 1887, c. 6) abrogates the exclusive jurisdiction of the liquor traffic delegated to the village by its charter, it necessarily follows that the general law is in force in the village, and that any person selling intoxicating liquors therein without a license may be indicted and punished for such offense under the general law. There is here no question as to the sufficiency of the indictment, if such exclusive jurisdiction has been abrogated by the high license law.

Governmental powers conferred upon or delegated by the legislature to municipalities may be altered or repealed by a subsequent general law. Hence another form of the question is whether the legislature by the high license law intended to, and did, repeal all special charter provisions of the municipalities of the state inconsistent therewith. This is no longer an open question, for it has been held by the repeated decisions of this court that so far, and only so far, as such charter provisions are inconsistent with the high license law, they are repealed or modified by such general law,

85 M.—8

and that any person selling intoxicating liquors without a license in any such municipality may be indicted and punished for the offense, pursuant to the general law, although it may have voted "No license" prior to the time of the offense. State v. Peterson, 38 Minn. 143, 36 N. W. 443; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531; State v. Holt, 69 Minn. 423, 72 N. W. 700; State v. Arbes, 70 Minn. 462, 73 N. W. 403; Kelly v. City of Faribault, 83 Minn. 9, 85 N. W. 720. Such exclusive jurisdiction granted to the village council is inconsistent with the provisions of Laws 1887, c. 6.

We accordingly answer both of the questions in the affirmative, and affirm the order overruling the demurrer.