JOHN GILLEN and Another v. CITY OF SOUTH ST. PAUL.[1]

May 27, 1910.

Nos. 16,601—(85).

**Sale of intoxicating liquor — amount of license fee.**

A city council has authority, by general ordinance or resolution, to fix the license fee for the sale of intoxicating liquors, subject to the provisions of section 1527, R. L. 1905, but cannot arbitrarily discriminate against an applicant, by exacting a greater than the established fee.

**Same — recovery of excess paid.**

An applicant for a license, who, under protest, pays the amount exacted in excess of the established fee, may recover such excess in an action against the city as for money had and received.

**Complaint.**

The complaint states facts sufficient to constitute a cause of action.

Action in the district court for Dakota county to recover $500 which it was alleged the city of South St. Paul exacted for a license to sell intoxicating liquor in excess of the legal fee. The substance of the complaint is stated in the opinion. From an order, Crosby, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*H. J. Goodwin* and *W. R. Duxbury,* for appellant.
*P. H. O'Keefe* and *Albert Schaller,* for respondents.

LEWIS, J.

The complaint states that prior to the sixteenth day of August, 1909, respondents made due application to the city of South St. Paul, in manner and form as required by law, for a license to sell intoxicating liquors at a certain place specified, for a period of one year

[1] Reported in 126 N. W. 624.

[Note] As to limit of amount of license fees generally, including question of discrimination, see note to State ex rel. Toi v. French (Mont.) 30 L. R. A. 415.

from the fifteenth day of August, 1909; that the regular, lawful, and legal license fee was $500; that respondents' application for a license came on for hearing on August 16 at the regular meeting of the city council, and notwithstanding the fact that the lawful and legal license fee for the sale of intoxicating liquors in such city was the sum of $500, and no more, the city council passed the following resolution upon the hearing of the application: "That the license of Gillen Bros. [respondents] be granted upon the approval of the bond by the city attorney, and upon the paying into the city treasury of this city one thousand dollars ($1,000), without any conditions being attached to the payment thereof. * * *"

The complaint further states that on such date, prior to the time of the hearing of the application, respondents were informed by the city recorder that the city would exact the sum of $1,000 in payment of the license, whereupon respondents filed notice of protest, which was duly read during the meeting. The protest was to the effect that respondents deposited their check for $1,000, but that the amount paid in excess of $500 was paid under protest, for the reason that they could not obtain a license at that time, except upon the payment of the full $1,000, and for the further reason that the fee for a license for the sale of intoxicating liquors in South St. Paul was the sum of $500, and no more, and that the $500 in excess was paid with the intention of bringing an action to recover the same. A license was afterwards issued to respondents, and demand was made by them upon the city for the $500, which was refused, and this action was brought to recover the amount.

A demurrer was filed by the city, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, which was overruled by the trial court.

Under section 1527, R. L. 1905, the fee for a license to sell intoxicating liquors may be any amount in excess of, but not less than, $500. The provisions in the city charter of South St. Paul are not in conflict with the statute, and the only question before the court is whether, from the facts stated in the complaint, it fairly appears that the license fee for selling intoxicating liquors, at the time respondents made their application, had been fixed at $500, and wheth-

er the resolution requiring them to pay a $1,000 license fee was intended as a discrimination against them. There can be no question that the council had authority to raise or reduce the license fee at any time, provided it was not made less than $500; but it could not act arbitrarily, and single respondents out to pay a larger license than other saloon keepers. A resolution or ordinance of this character must be general and apply to all applicants for license.

While the complaint is somewhat indefinite, and states some conclusions of law, nevertheless, we are of opinion that it fairly states that, at the time respondents made their application for a license, the license fee for selling intoxicating liquors in the city of South St. Paul was $500, and that the resolution requiring them to pay $1,000 was not intended as a general law increasing the license fee for all applicants to $1,000, but was intended to apply to respondents only, thus discriminating against them, and requiring them to pay $500 more than other applicants. The case is distinguished from Kelly v. City of Faribault, 83 Minn. 9, 85 N. W. 720. There the city council passed an ordinance increasing the license fee for ordinary dealers in intoxicating liquors to $800, but that ordinance was general in its terms.

If the facts stated in the complaint are true, then respondents properly laid the foundation to recover the $500 excess, by protesing and serving notice of their claims.

Affirmed.