## STATE v. FRANCIS D. PERRA.

### 115 N. W. (2d) 680.

#### May 25, 1962—No. 38,374.

*Francis D. Perra,* pro se, for petitioner.

PER CURIAM.

Petitioner, an indigent defendant now an inmate in the State Prison at Stillwater, moves this court for an order directing that counsel be made available to him for the purpose of prosecuting his appeal to this court.

On October 6, 1960, he was convicted by a jury in the District Court of Hennepin County of participating in an armed robbery in Minneapolis on July 12, 1960. It is from the judgment of conviction entered pursuant to the jury's verdict that petitioner seeks to appeal to this court.

In State v. Dahlgren, 259 Minn. 307, 318, 107 N. W. (2d) 299, 306, this court stated:

"* * * This statutory provision [Minn. St. 611.07, subd. 2] contemplates payment of the expenses of an attorney representing an indigent prisoner only in cases where the attorney has been appointed to assist defendant in the trial court * * *. While this statute may be inadequate to permit the trial court or this court to compensate counsel appointed to represent a convicted indigent person upon an appeal, we think that it may be said that it is the duty of an attorney appointed to defend such person on the trial to continue such representation after conviction if he conscientiously believes that the defendant has not had a fair trial. * * * If * * * he believes that the defendant has been deprived of a fair trial and a reasonable basis exists upon which there may be a reversal, he should proceed with the appeal. If, upon such appeal, we are satisfied that the review was sought in good faith and upon reasonable grounds, we are then authorized, under § 611.07, subd. 2, to order payment for the services of the attorney and the expenses of the appeal."

In the instant case petitioner's motion for an order appointing counsel to assist him on his appeal is based upon these grounds:

"The said appellant is without legal education or training and has access to only a limited number of legal reference materials which makes the proper presentation of his appellate arguments and contentions difficult if not impossible;

"The said appellant believes that he has a meritorious cause and seeks a thorough review thereof by this * * * Court; * * *

"The said appellant believes that this Court's appointment of counsel to assist him in the preparation, presentation, and prosecution of this appeal would be consistent with the due process clause of the Constitution of this state, and of the United States."

It is quite clear that under State v. Dahlgren, *supra*, petitioner's motion must be denied. Nowhere therein does he set forth anything with respect to the questions which he wishes reviewed or make reference to errors which would entitle him to reversal. Likewise, there is nothing therein to indicate that the attorney appointed by the court to represent him at his trial in district court has requested to be relieved or has refused to perfect the appeal if a valid ground therefor exists. Examination of the record discloses that petitioner was accorded full protection of all his constitutional rights. At the close of the testimony and before the matter was submitted to the jury, the following occurred:

"Mr. Smith [defendant's counsel]: * * * inasmuch as this is a public defender case, I assume it is proper at this time to ask the defendant whether he wishes to take the stand so we can have the record reflect that. Have you made a decision?

"Defendant Perra: I have. I prefer not to take the stand.

"Mr. Meshbesher [counsel for the state]: Are you satisfied with the way your defense has been conducted so far?

"Defendant Perra: Yes.

"Mr. Smith: You don't feel there is anything I should have done or haven't done?

"Defendant Perra: No.

"Mr. Smith: Or anything that I did that you didn't want me to do?

"Defendant Perra: The case has been handled very good, to my satisfaction.

"Mr. Smith: Are there any witnesses you would like to call on your behalf?

"Defendant Perra: No.

"Mr. Smith: None?

"Defendant Perra: No."

Subsequent to his conviction by the jury, petitioner pleaded quilty to informations charging him with two prior felony convictions.

At his trial herein, several witnesses identified him as a participant in the crime with which he was charged. An accomplice therein testified that petitioner had participated in the crime described. On October 27, 1960, petitioner, while testifying in State v. McGee, Hennepin County District Court, wherein the defendant there was being tried for the same armed robbery, admitted that he had participated in such robbery.

Under the circumstances outlined, petitioner's motion herein must be denied.

Motion denied.