STATE v. FRANCIS D. PERRA.

125 N. W. (2d) 44.

November 1, 1963—No. 38,374.

*Francis D. Perra,* pro se, for relator.

*Walter F. Mondale,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

Writ of error to review defendant's conviction of the crime of robbery in the first degree.

Defendant contends that his conviction cannot be sustained in that (1) his arrest was invalid because made without warrant; (2) he was held in custody for 6 days, questioned by police, and required to appear in a police "lineup," all without benefit of counsel and before being accorded a preliminary hearing; (3) he appeared at his arraignment in the absence of his counsel where a "not guilty" plea was entered on his behalf by the court without his consent; (4) at his trial one witness testified as to his identity while other witnesses who later testified on this issue were permitted to remain in the courtroom; (5) he was inadequately represented by counsel at his trial; (6) the evidence was insufficient to establish his guilt; and (7) the court erred in certain instructions as hereinafter set forth.

On July 21, 1960, defendant was arrested without warrant at Hutchinson, Minnesota, by police of that city and held in custody in the municipal police station there. On the same date he was taken by Minneapolis police officers to the municipal jail in Minneapolis where he was held without charge until July 28, 1960, on which date he was taken to the municipal court of Minneapolis for a preliminary hearing. At his request this was continued to August 10, 1960. On that date he appeared with Mr. Paul G. Fisch as his counsel. A transcript of these proceedings indicates that Mr. Fisch participated actively therein and cross-examined witnesses for the state at length. No objection was made to the court's jurisdiction, and on the testimony of the state's witnesses, defendant was bound over to the District Court of Hennepin County on the ground that there was probable cause for believing that he had committed the offense charged.

On August 10, 1960, an information charging defendant with the crime of robbery in the first degree was issued by the county attorney of Hennepin County. On August 11, 1960, he and an accomplice were arraigned upon this information. For some reason not shown, Mr. Fisch was not with him at that time. The following proceedings occurred:

"Harlan M. Goulett, Assistant County Attorney, appeared for and on behalf of the State of Minnesota. The defendants appeared personally.

\* \* \* \* \*

"MR. GOULETT: Francis Donald Perra and Carl Robert McGee.

"Your Honor, the State moves the arraignment of these two defendants jointly charged by Information with the felony of Robbery in the First Degree.

"THE CLERK: An Information has been filed against each of you under the names of Francis Donald Perra and Carl Robert McGee charging each of you with the crime of Robbery in the First Degree on or about the 12th day of July, 1960, at the City of Minneapolis in said Hennepin County, Minnesota, aided and abetted by Frank Ray Phelps and Walter Irice Miller and each being concerned in aiding and abetting the others in the commission of the crime hereinafter alleged, then and there being armed with dangerous and deadly weapons, to-wit: a sawed-off shot gun, commonly so-called, and a pistol, said weapons being then and there loaded with gunpowder and leaden bullets, a more particular description of said weapons being to me unknown, did wilfully, unlawfully, wrongfully, knowingly, and feloniously, rob, take, steal and carry away from the possession and in the presence of one Stanley W. Wodziak, money in the sum of Two Thousand Eight Hundred Forty Seven Dollars, by means of force and violence and against the will of the said Stanley W. Wodziak and by putting him in fear of immediate injury to his person, said money being then and there the property of the said Stanley W. Wodziak and Frank Gazda, co-partners doing business as 1029 Bar, and said money being in the lawful possession of the said Stanley W. Wodziak, with intent then and there had and entertained by them, the said Francis Donald Perra and Carl Robert McGee, and each of them, to deprive the true owners of their property and to appropriate the same to the use of them, the said Francis Donald Perra and Carl Robert McGee.

"Which is Perra?

"MR. PERRA: I am.

"THE CLERK: And what is your birth date?

"MR. PERRA: 2/12/32.

"The Clerk: 2/12/32, and Francis Donald Perra is your correct name?

"Mr. Perra: That's right.

\* \* \* \* \*

"The Clerk: May the record show the defendants have been read the Information and each of them has been furnished a copy of the Information.

"The Clerk: The record may so show.

"The Clerk: You have your own attorneys?

"Mr. McGee: Yes.

"The Clerk: What is his name?

"Mr. McGee: I have Samuel Segall.

"The Clerk: You are McGee?

"Mr. McGee: Yes.

"The Clerk: Is that S-e-g-a-l-l?

"Mr. McGee: Yes.

"The Clerk: And, Mr. Perra, who is your attorney?

"Mr. Perra: Paul Fisch.

"Mr. Goulett: We would recommend bail, Your Honor, in the sum of Ten Thousand Dollars for each defendant and a return date of one week from today, the 18th of August. May not guilty pleas be entered on their behalf at this time inasmuch as they are represented by counsel and counsel are not present.

"The Court: Not guilty pleas entered, bail will be set at Ten Thousand, and the matter set for August 18, 1960, at 9:00 o'clock."

On October 5, 1960, defendant's trial commenced. At this trial he was represented by Donald K. Smith, assistant public defender. No objection was then made to any procedure having reference to the arrest of defendant or to any of the proceedings preliminary to trial. No objection was made to the jurisdiction of the court either as to the person of the defendant or to the subject matter involved. Defendant's counsel participated actively in the trial of the case and engaged in extensive cross-examination of the state's witnesses. Defendant did not choose to take the stand and submitted no evidence in his defense. After both sides had rested, and before the case was argued or sub-

mitted to the jury, the following proceedings occurred out of the hearing of the jury:

"MR. SMITH [defendant's counsel]: * * * inasmuch as this is a public defender case, I assume it is proper at this time to ask the defendant whether he wishes to take the stand so we can have the record reflect that. Have you made a decision?

"DEFENDANT PERRA: * * * I prefer not to take the stand.

"MR. MESHBESHER [counsel for the state]: Are you satisfied with the way your defense has been conducted so far?

"DEFENDANT PERRA: Yes.

"MR. SMITH: You don't feel there is anything I should have done or haven't done?

"DEFENDANT PERRA: No.

"MR. SMITH: Or anything that I did that you didn't want me to do?

"DEFENDANT PERRA: The case has been handled very good, to my satisfaction.

"MR. SMITH: Are there any witnesses you would like to call on your behalf?

"DEFENDANT PERRA: No.

"MR. SMITH: None?

"DEFENDANT PERRA: No."

Following the court's instructions, no objections were entered and no requests for corrections or further instructions were made. On October 6, 1960, the jury found defendant guilty of robbery in the first degree. On October 10, 1960, when he appeared for sentencing, the state moved for his arraignment on two prior felony convictions pursuant to Minn. St. 610.28.[1] Defendant appeared with his counsel and waived reading of the informations filed with respect thereto. He was asked for his plea, and the following proceedings then took place:

---

[1]Minn. St. 610.28 provides in part: "Every person who, after having been convicted in this state of a felony * * * or, under the laws of any other state or country, of a crime which, if committed in this state, would be a felony, commits any felony or attempts to commit any felony, in this state, upon conviction thereof, shall be punished as follows:

* * * * *

"Mr. Lohmann [public defender appearing on defendant's behalf]: * * * before he pleads, I advise you this. Under our State law, the County Attorney has to charge you with your prior convictions. The Court could double your sentence, if he figured to, and he could sentence you according to law, and he could hold you twice as long as the ordinary sentence, he could limit it, ten and eighty years, if he chose. You are entitled to a jury trial, if you plead not guilty, and there is a presumption of innocence. The only thing is whether you are guilty or not of having been convicted and, if, of course, if you have been convicted, they can easily prove it, they can get the records and have someone identify you and that is it.

"The Clerk: Did you advise him that the two felonies, that both are here in Hennepin County, one on October 25, 1950, and one on September 8, 1953?

"Mr. Lohmann: The only question is whether you were found guilty or not.

"The Court: The first time you were sentenced to the Youth Conservation Commission and the second time he was sentenced to St. Cloud. Do you recall them?

"The Defendant: Yes, I recall them.

"Mr. Lohmann: You will have to enter a form of plea.

"The Defendant: I will plead guilty to the two priors.

* * * * *

"The Clerk: May the record show the defendant has received a copy of the prior convictions."

Defendant was thereupon sentenced according to law for the robbery conviction and the two prior felony convictions.

The testimony of various witnesses at the trial may be summarized as follows:

---

"(2) If the subsequent crime is such that upon a first conviction the offender might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence for not less than twice the shortest term, nor more than twice the longest term, prescribed upon a first conviction; * * *."

One Clyde Turpin testified that on July 12, 1960, while looking from the window of his home at 105 Eleventh Avenue Northeast, Minneapolis, directly across from the rear of the 1029 Bar (the subject of the robbery), he had observed a 1949 Chevrolet with three men therein drive up and park near the 1029 Bar; that he had then seen its three occupants leave the automobile with its right door open and proceed toward the 1029 Bar where one of them entered through its front door and two through its rear door; that some 5 to 6 minutes later he had observed all three men run from the rear door of the bar to the Chevrolet and get into it and drive off; and that at that time he had written down the license number of the Chevrolet. He identified defendant as one of the men he saw.

One Stanley Wodziak testified that on July 12, 1960, at about 10:30 a. m., he had been present in the 1029 Bar, of which he was part owner, and had witnessed a man walk through its front door and order a drink and thereafter point a gun at his face; that at the same time he had observed two other men enter through the rear door, one armed with a sawed-off shotgun, and the other carrying a bag; that he then had observed the latter go to the safe and cash registers behind the bar and empty their cash contents, which totaled $2,847.20, into the bag, after which the three men had left hurriedly through the rear door. He did not identify the defendant.

One Oscar A. Wyman testified that he had been in the 1029 Bar at the time of the robbery, and identified defendant as the man who had gone behind the bar to get the money from the cash registers. One James A. Ryan, also present at the time of the robbery, testified he had seen defendant fill his bag with funds from the cash registers and safe behind the bar. He testified that at the time defendant had worn dark glasses and a handkerchief over his face. One Dayton H. Kanneman testified that he had been in the bar at the time of the robbery and had had a good look at one of the men involved in it, whom he identified as the defendant. One George Nickolatos testified that at the time of the robbery he had been seated toward the front of the bar and had observed the participants, and he identified the defendant as the one who had covered his face with a handkerchief.

Frank Ray Phelps, an accomplice in the robbery who subsequently pleaded guilty to it, testified that he had known defendant and Carl McGee, the other accomplice, for about 10 years; that he had participated with them in the robbery described and had been accompanied by both of them at the time; that all three had planned it about a week before it occurred; that at the time of the robbery he had carried a .32 HO Beretta automatic, McGee a .410 automatic shotgun, and defendant a .32 automatic; that in the robbery defendant had removed the cash from the cash drawers and safe; and that after the robbery the money had been equally divided between the three participants in his apartment in St. Paul.

This matter has previously been before this court upon defendant's application for appointment of counsel to represent him in these proceedings. State v. Perra, 262 Minn. 572, 115 N. W. (2d) 680. Therein it was pointed out that on October 27, 1960, he had admitted his participation in the robbery in his testimony in the trial of Carl Robert McGee in Hennepin County District Court for the same offense.

■ Defendant contends that his arrest was unlawful because it was made without a warrant and without probable cause. It was made pursuant to Minn. St. 629.34,[2] and since it involved a felony, no warrant was required even though the offense had not been committed in the presence of the arresting officers.

■ The fact that defendant was held in custody for 6 days, questioned by police, and required to appear in a police "lineup," all without counsel and before his preliminary hearing, did not deprive the district court of its jurisdiction to try the case. There is no showing that this procedure or that any statements made by defendant during this time prejudiced him at his subsequent trial. At no time until the

---

[2]Minn. St. 629.34 provides in part: "A peace officer may, without warrant, arrest a person:

\* \* \* \* \*

"(2) When the person arrested has committed a felony, although not in his presence;

"(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it; \* \* \*."

present proceedings were undertaken did he make any objection thereto or contend that such procedure had deprived the court of its jurisdiction. There is nothing to indicate that he was denied the right to call counsel and from his previous record it would seem fairly obvious that he was aware that he had such right. As this court stated in State v. Osgood, 266 Minn. 315, 323, 123 N. W. (2d) 593, 598:

"While it has been said that an accused has a right of counsel at every stage of the proceedings, we do not understand this to mean that he must be so represented in the investigative processes which usually follow an arrest, or at the preliminary hearing required for the purpose of ascertaining whether a crime has been committed and whether there are reasonable grounds for believing that the accused has committed it, * * *."

In State v. Demry, 260 Minn. 173, 178, 109 N. W. (2d) 587, 591, this court stated:

"* * * Defendant was arrested April 6, 1959, and brought in for hearing on April 11, 1959. Any continuances thereafter with respect to the hearing or with reference to trial were granted at defendant's request. With respect to the initial arrest and detention until April 11, 1959, no satisfactory explanation thereof appears in the record and there would seem to be no justification for such a delay. Nevertheless, this in itself would not deprive the district court of jurisdiction over defendant's person or of his trial for the crime described. Insofar as the record discloses, at no time prior to conviction did defendant object to the delay. This court has never held that such a delay would deprive the court of jurisdiction. See, State v. Schabert, 218 Minn. 1, 15 N. W. (2d) 585. * * * Here defendant made no objection to the delay and through his counsel entered a plea of not guilty and proceeded to trial. Under such circumstances, he cannot now challenge the court's jurisdiction."

Under these decisions it would appear that in the instant case defendant is bound by the action of his counsel in proceeding to trial under the "not guilty" plea, whereby any objections to the delay before his preliminary hearing were waived.

■ We do not feel that the absence of defendant's counsel at the arraignment was prejudicial to the extent of requiring a new trial.[3] He had appeared for defendant at the preliminary hearing, and there is nothing in the record to explain his absence at the arraignment. Defendant advised the court at such arraignment that the same counsel still represented him. No statements having reference to innocence or guilt were made by defendant at either of such hearings. At the arraignment the information was read and an endorsed copy of it delivered to him by the clerk of the district court. In the absence of his counsel the court then entered a plea of "not guilty" in his behalf.[4] At no time thereafter did he or his counsel seek to withdraw such plea so as to authorize a demurrer to the information;[5] or a motion to set it

---

[3]Hamilton v. Alabama, 368 U. S. 52, 82 S. Ct. 157, 7 L. ed. (2d) 114, and White v. Maryland, 373 U. S. 59, 83 S. Ct. 1050, 10 L. ed. (2d) 193 (decided April 29, 1963), appear limited to situations wherein the accused in *capital cases,* in the absence of counsel, has entered a plea either at his arraignment or at a preliminary hearing and thereby has waived substantial rights. These cases hold that such procedure invalidates a subsequent conviction in capital cases even where there is no showing that the accused was prejudiced thereby.

[4]Minn. St. 628.31 provides: "No information shall be filed against any person for any offense until such person shall have had a preliminary examination as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such preliminary examination."

Minn. St. 630.10 provides: "If the defendant shall appear for arraignment without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and shall be asked if he desires the aid of counsel."

Minn. St. 630.11 provides: "The arraignment shall be made by the court, or by the clerk or county attorney under its direction, and shall consist in reading the indictment to the defendant, and delivering to him a copy thereof and of the endorsement thereon, including the list of witnesses endorsed on it or appended thereto, and asking him whether he pleads guilty or not guilty to the indictment; * * *."

[5]Minn. St. 630.13 provides: "Upon being arraigned, the defendant shall be allowed until the next day, if he requires it, to answer the indictment and, upon his request, such further time as the court shall determine. If he does not require time, or upon the next day, or such further day as shall be

aside.[6] At the trial which took place several months later, no objection was made to the procedure described, and defendant proceeded to trial on the merits. In State ex rel. Williams v. Rigg, 256 Minn. 568, 569, 99 N. W. (2d) 450, 452, this court stated:

___

allowed by the court, if he does, he shall answer to the arraignment, and either move the court to set aside the indictment, or demur or plead thereto."

Minn. St. 630.22 provides: "The only pleading on the part of the defendant is a demurrer or plea. Both shall be made in open court, either at the time of the arraignment, or at such other time as may be allowed to the defendant for that purpose."

Minn. St. 630.23 provides: "The defendant may demur to the indictment when it shall appear from the face thereof:

"(1) That the grand jury by which it was found had no legal authority to inquire into the offense charged, by reason of its not being within the local jurisdiction of the county;

"(2) That it does not substantially conform to the requirements of sections 628.10 or 628.13, as qualified by section 628.18, or was not found within the time prescribed therein;

"(3) That more than one offense is charged in the indictment, except in cases where it is allowed by statute;

"(4) That the facts stated do not constitute a public offense;

"(5) That the indictment contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution."

Minn. St. 630.27 provides: "When the objections specified in section 630.23 shall appear upon the face of the indictment, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment."

[6]Minn. St. 630.18 provides: "The indictment shall be set aside by the court in which the defendant is arraigned, upon his motion, in any of the following cases:

"(1) When it shall not be found, endorsed, and presented as prescribed in sections 628.41 to 628.67 relating to grand juries;

"(2) When the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or endorsed thereon;

"(3) When a person shall have been permitted to be present at the ses-

"The relator was represented by the public defender, who was not present in court when the relator was arraigned. The trial judge therefore told the relator, 'I will enter a plea of not guilty, in your behalf * * *.' He was not asked to enter a formal plea nor did he do so. The trial proceeded without any objection by the relator or his counsel to this omission. * * * There is * * * ample authority from courts of other jurisdictions that the right to plea is waived when the accused appears at the trial of the merits of his case, represented by counsel, and fails to call the attention of the court to the omission of a plea. E.g., Garland v. Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. ed. 772; People v. Weeks, 165 Mich. 362, 130 N. W. 697; Holt v. State, 84 Okl. Cr. 283, 181 P. (2d) 573. See, also, 22 C. J. S., Criminal Law, § 408. The relator's trial in this case proceeded in all respects as if he had entered a formal plea of 'not guilty.' We agree with the district court in this action that the relator has waived any objections to want of arraignment or plea."

See, also, State v. Roy, 266 Minn. 6, 122 N. W. (2d) 615.

The grounds for a motion to set aside an indictment as specified in § 630.18; or for a demurrer thereto as specified in § 630.23, for the most part have reference to the defects in the grand jury proceedings leading up to the indictment, and would not be applicable to an information such as is here involved. Under § 630.23(4) a demurrer may also challenge the indictment on the grounds that the facts stated do not constitute a public offense, but this defect is not waived by failure to demur, since under § 630.27 it may also be reached by motion "at the trial, under the plea of not guilty and in arrest of judgment." Likewise, a reference to the information here would nullify any claim

sion of the grand jury while the charge embraced in the indictment was under consideration, except as provided by section 628.63.

"If the motion to set aside the indictment shall not be made, the defendant shall be precluded from afterwards taking advantage of the foregoing objections."

A fair inference from this language is that defendant after a plea to the indictment would not be precluded from taking advantage of objections other than those specified in this section.

that it was defective because more than one offense was charged therein (§ 630.23[3]); or that it contained a legal justification or excuse for the offense charged (§ 630.23[5]). From the foregoing, we are satisfied that no substantial rights of defendant were waived or lost by the proceedings outlined.

Further, had defendant desired to raise these or any like claims with respect to the information, it would seem to have been incumbent upon him to at least have moved to withdraw the "not guilty" plea entered in his behalf for the purpose of interposing a demurrer to such information. No such motion was made,[7] and defendant proceeded to trial with his counsel, content that the plea entered on his behalf was adequate for the purpose of his defense. Accordingly, we find no denial of defendant's constitutional rights in the proceedings here.

■ Defendant asserts that he was denied due process in that at his trial the witness Clyde Turpin, whose testimony is above summarized, was called by the state and in his testimony identified defendant as a participant in the robbery while other witnesses for the state remained in the courtroom. The record reveals that at the completion of Turpin's testimony defendant's counsel moved that the remaining witnesses for the state be removed from the courtroom before any further testimony on this issue was received. This motion was granted, and subsequently the remaining witnesses for the state submitted their testimony as to defendant's identification with all other witnesses absent from the courtroom. There is nothing in the record to establish that defendant's identification by such witnesses was in any manner based upon the testimony of Clyde Turpin, or that it had any relationship to the police "lineup" in which defendant was required to appear shortly after his arrest. All such witnesses were thoroughly cross-examined by defendant's counsel and were firm in their identification of defendant as a participant in the crime. All of them were in a position to observe defendant at close range at the time of the robbery. It is enough to satisfy the requirements as to identification if a witness testifies that it is his belief, opinion, or judgment that the accused was a participant in

---

[7]Such motions are addressed to the sound discretion of the trial court. State v. Arbes, 70 Minn. 462, 73 N. W. 403.

the crime. State v. Farmer, 179 Minn. 516, 229 N. W. 789. Based upon the facts above described, we find no prejudicial error in the procedure described.

■ There is no merit to defendant's contention that he was inadequately represented by counsel. The record discloses that at his trial he was represented by Donald K. Smith, assistant public defender, and at his subsequent arraignment on an information charging him with two prior felony convictions he was represented by Lewis E. Lohmann, public defender for Hennepin County. There is nothing which would even imply that he was not adequately represented throughout the proceedings. There is no showing which even suggests incompetency, neglect, or indifference in this respect. At the close of the testimony, he informed the court that he was quite satisfied with the services which had been rendered by his counsel. Accordingly, we conclude that this assignment is without substance. State ex rel. Grest v. Tahash, 261 Minn. 282, 112 N. W. (2d) 54; State v. Gorman, 219 Minn. 162, 17 N. W. (2d) 42.

■ Defendant also claims that the evidence was insufficient to establish his guilt. An examination of the evidence is convincing that the contrary is true. He was identified by a number of eyewitnesses to the crime as having participated therein. In addition he was linked to it by the testimony of an accomplice, Frank Ray Phelps. See, State v. Connelly, 249 Minn. 429, 82 N. W. (2d) 489. Such evidence was more than adequate to sustain the jury's verdict. Further, while probably not relevant in this appeal, defendant's subsequent admission of his participation in the crime during his testimony in the McGee case which involved the identical robbery would seem to remove any doubt on this issue.

■ Defendant's final assignments of error have reference to the court's instructions. It is his claim that the court's failure to instruct the jury on the established rule, as to the weight to be accorded circumstantial evidence, was prejudicial. Reference to the testimony summarized above is indicative that the testimony received on the issue of identification was for the most part the testimony of eyewitnesses including an accomplice to plaintiff's participation in the robbery and

did not extend to circumstantial factors to any great extent. See, Minn. St. 634.04; State v. Soltau, 212 Minn. 20, 2 N. W. (2d) 155; State v. Connelly, *supra*. No request was made by defendant for instructions by the court on the question described. It is well established that where there is no such request and both direct and circumstantial evidence are present it is not error to omit instructions with respect to the weight to be accorded the circumstantial evidence. State v. Colcord, 170 Minn. 504, 212 N. W. 894; State v. Waltz, 237 Minn. 409, 54 N. W. (2d) 791.

■ Defendant also contends that the court's instructions were prejudicial to him because of the use of the term "of course" in outlining the issues to be determined as follows:

"* * * The defendant has denied it [the robbery], of course, and it is the claim by the State, and the evidence by the State, and the plea of not guilty by the defendant, that make up the issues of this case, and the matters which you members of the jury must determine."

We find no error in the instructions referred to. Therein the court merely outlined the issues which the jury would have to determine. Later the court pointed out that consideration must be given to *all* the evidence in the case, "both on the part of the State and on the part of the defendant"; and that before the jury could return a verdict of guilty it would have to have "an abiding conviction amounting to a moral certainty of the guilt of the defendant." It clearly informed the jury of the necessity that the evidence establish such guilt "beyond a reasonable doubt" and defined the latter term. Such instructions were fair and comprehensive and correctly stated the legal principles under which the jury should act in determining whether or not defendant was guilty. State v. Kolander, 236 Minn. 209, 52 N. W. (2d) 458; State v. Kaster, 211 Minn. 119, 300 N. W. 897; State v. Johnson, 173 Minn. 543, 217 N. W. 683; State v. Larson, 207 Minn. 515, 292 N. W. 107.

Affirmed.

Upon petition for rehearing, the opinion herein filed August 23, 1963, is withdrawn and the foregoing is substituted in place thereof.