Richard Edward **MADISON**, Petitioner,

v.

Ralph H. **TAHASH**, Warden Minnesota State Prison, Respondent.

No. 18331.

United States Court of Appeals Eighth Circuit.

April 18, 1966.

Richard E. Madison, in pro. per.

Robert W. Mattson, Atty. Gen., St. Paul, Minn., for respondent.

Before MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

Petitioner, Richard Edward Madison, an inmate of the Minnesota State Prison at Stillwater, Minnesota, seeks appointment by this court of an attorney to prosecute an appeal in forma pauperis from an order of the United States District Court denying his application for writ of habeas corpus.

 At the outset, we note that the District Court refused to issue a certificate of probable cause which is a requisite to an appeal here. Curtis v. Bennett, 351 F.2d 931, 933 (8th Cir. 1965); McGee v. Eyman, 310 F.2d 230, 231 (9th Cir. 1962); Ramsey v. Hand, 309 F.2d 947, 948 (10th Cir. 1962); Johnson v. Mayo, 256 F.2d 761 (5th Cir. 1958); Bell v. Commonwealth of Virginia, 245 F.2d 170 (4th Cir. 1957); Sessions v. Manning, 227 F.2d 324, 325 (4th Cir. 1955), cert. denied, 350 U.S. 1008, 76 S.Ct. 653, 100 L.Ed. 870 (1956); Farmer v. Skeen, 222 F.2d 948, 949 (4th Cir. 1955), cert. denied, 350 U.S. 864, 76 S.Ct. 108, 100 L.Ed. 766 (1955); 28 U.S.C.A. § 2253.[1]

Nonetheless, but strictly on an *ad hoc* basis, and not to serve as a precedent for future handling of similar cases, we have elected to treat petitioner's request for appointment of counsel as an application for certificate of probable cause.

Petitioner was convicted by a jury in the state court of the crime of robbery in the first degree and sentenced to imprisonment on January 23, 1956. He was represented at trial by the public defender and did not appeal his conviction to the Minnesota Supreme Court. Thereafter, petitioner brought habeas corpus proceedings in both the District and Supreme Courts of Minnesota. His petition in each court, involving the same questions as are present here, was denied by the District Court and the Supreme Court of Minnesota as being frivolous.

In all of his habeas applications, petitioner has alleged that he did not have the assistance of counsel at his arraignment in the state court on January 5, 1956, and because of this he was denied the right to argue an illegal detention in the city jail ten days prior to arraignment; and denied the right to file a petition at said arraignment submitting his illegal arrest, search and seizure.

The transcript of the proceedings at arraignment is contained in the original files of the federal district court, and reflect that petitioner was not represented by counsel at arraignment. He was asked by the court if he wanted to enter a plea to which query he stated that he pleaded not guilty, whereupon he was arraigned and a discussion was had as to his representation by counsel. The trial court advised petitioner that he had an absolute choice of counsel, or, failing to procure one, the court would appoint the public defender. Petitioner mentioned a private attorney he would like to employ but intimated he might not be able to obtain his services due to his lack of funds. The

1. The last sentence in 28 U.S.C.A. § 2253 provides:
    "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

prosecutor was advised to contact the attorney of petitioner's choice and see if he would handle the case, and further to provide petitioner with an opportunity to contact any other lawyer he might desire and sufficient time would be allowed for this purpose. As it developed, petitioner did not employ counsel and the public defender was appointed to defend him.

■■ The District Court in a memorandum decision (Madison v. Tahash, 249 F.Supp. 600) exhaustively reviewed the legal aspects of this case and concluded that arraignment is not a critical stage in Minnesota and that petitioner could not have been prejudiced by being arraigned and pleading not guilty at arraignment without counsel for the reason that under the Minnesota procedure a plea entered without benefit of counsel does not operate to irrevocably waive any defenses or objections that petitioner might have had at this stage of the proceedings. The District Court cited State ex rel. Lacklines v. Tahash, 267 Minn. 237, 126 N.W.2d 646 (1964) and State v. Perra, 266 Minn. 545, 125 N.W.2d 44 (1963), cert. denied, 377 U.S. 982, 84 S.Ct. 1889, 12 L.Ed.2d 749 (1964), as supportive of the right of a defendant to raise the desired defenses after arraignment and plea and when represented by appointed counsel. Also, the District Court noted that the Minnesota Supreme Court has concluded that arraignment is not a critical stage of trial in that state. State v. Roy, 266 Minn. 6, 122 N.W.2d 615 (1963), cert. denied, 375 U.S. 956, 84 S.Ct. 445, 11 L.Ed.2d 315 (1963).

The well considered opinion of Judge Earl R. Larson (249 F.Supp. 600) more elaborately recites the facts and profoundly reviews the authorities leading to his conclusion that a writ of habeas corpus should not issue. We agree with Judge Larson's analysis of the cases cited as well as the result reached.

■ There is nothing in the record to indicate that petitioner was deprived of any constitutional right by his plea of not guilty at arraignment. We, therefore, deny petitioner's application for certificate of probable cause.