James Douglas LATHAM, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.

George Ronald YORK, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.

Nos. 7376, 7377.

United States Court of Appeals Tenth Circuit.

July 10, 1963.

Roy Cook, Kansas City, Kan., for appellants.

J. Richard Foth, Asst. Atty. Gen. of Kansas (William M. Ferguson, Atty. Gen. of Kansas and Park McGee, Asst. Atty. Gen. of Kansas, on the brief), for appellee.

Before PHILLIPS, BREITENSTEIN, and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

These are companion cases which were briefed and argued together. Appellants Latham and York, herein referred to as petitioners, were jointly charged, tried by a jury in the District Court of Russell County, Kansas, convicted, and sentenced to death for homicide. The judgments were affirmed by the Kansas Supreme Court, State v. Latham & York, 190 Kan. 411, 375 P.2d 788, and certiorari was denied 373 U.S. 919, 83 S.Ct. 1310, 10 L.Ed.2d 418. Petitions for federal habeas corpus were dismissed after a hearing at which petitioners were represented by counsel and at which both the petitioners and the prosecution rested their cases on the state court records and declined to introduce any further evidence.[1] These appeals followed.

Petitioners were arrested in Utah on June 10, 1961, for violation of the federal Dyer Act and promptly taken before a United States commissioner who advised them of their right to have counsel appointed.[2] Neither petitioner availed himself of this offer. The following day, agents of the Federal Bureau of Investigation, after telling petitioners of their constitutional rights, interrogated them on the Dyer Act charge. In connection therewith they admitted the homicide and subsequently repeated their confessions to agents of the Kansas Bureau of Investigation. Petitioners waived extradition and, on June 16, 1961, were returned to Wallace County, Kansas, where they were promptly taken before the county court of that county for preliminary examination as required by Kansas statutes. The court advised them of their right to employ counsel and to insist that the state produce evidence in support of the charge. The petitioners did not re-

1. At the time of the oral argument on motion for a certificate of probable cause the parties stipulated in open court that the statement of facts appearing in the Kansas Supreme Court decision, 190 Kan. 411, 375 P.2d 788, were true and correct.

2. See 375 P.2d 788, 794.

quest counsel and waived the right to preliminary hearing.

On July 14, 1961, an information was filed charging them with homicide. Counsel were appointed to represent them. On the suggestion of possible insanity the court appointed a sanity commission to examine them. On August 24, 1961, the commission reported that each was sane, able to comprehend his position, and to make his defense. On motion, venue was changed to Russell County, Kansas. On September 14, copies of the petitioners' confessions to the Kansas agents were furnished defense counsel along with the names, addresses, and occupations of the prosecution witnesses. On October 23, 1961, the date set for trial, the appointed counsel moved for a change of venue or in the alternative for the appointment of local counsel to assist them in the trial. The court overruled the motion for change of venue and appointed local counsel to assist the previously appointed counsel. A motion of local counsel for continuance was denied as was also a motion for a second psychiatric examination.

■■ The first contention is that petitioners were entitled to have counsel appointed for them prior to the preliminary examination. Heavy reliance is placed on the decision of the United States Supreme Court in Gideon v. Wainright, Corrections Director, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. That case concerned the right of an accused to counsel at trial—not at a preliminary hearing. In State of Utah v. Sullivan, 10 Cir., 227 F.2d 511, 513, certiorari denied, sub nom. Braasch v. Utah, 350 U.S. 973, 76 S.Ct. 449, 100 L.Ed. 844, we held that in circumstances where an accused did not enter a plea of guilty at a preliminary hearing, did not make a confession, did not testify and did not say

anything of an incriminating nature, the failure to furnish counsel at such hearing did not abridge the accused's fundamental constitutional rights. That decision is controlling here. No claim is made of any incriminating statements or acts of the petitioners at the preliminary examination. All they did was to waive the right to a preliminary hearing. Prejudice is asserted on the ground that counsel would have forced the prosecution to disclose at least some of its evidence. The point is not well taken as more than a month in advance of trial copies of the confessions and lists of the prosecution witnesses were given defense counsel. Our conclusions in State of Utah v. Sullivan are supported by the decisions of other circuits.[3] We find nothing in Gideon v. Wainright which requires a review of the decision in State of Utah v. Sullivan.

■ The next contention attacks the confessions as inadmissible because made at a time when the petitioners were not represented by counsel. The record shows that the confessions were first made to agents of the Federal Bureau of Investigation who were interrogating petitioners concerning a Dyer Act violation and were made freely and voluntarily after the petitioners had been before a United States commissioner who had advised them of their right to counsel and after the agents had told them that they did not have to talk, that any statements made could be used against them, and that each had the right to the services of an attorney. The confessions were later repeated to agents of the Kansas Bureau of Investigation. The trial court found that the confessions were voluntary. Our review of the record confirms that finding. There was no denial of "that fundamental fairness essential to the very concept of justice."[4]

3. Feguer v. United States, 8 Cir., 302 F. 2d 214, 252, certiorari denied 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110; Odell v. Burke, 7 Cir., 281 F.2d 782, 785–786, certiorari denied 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed.2d 96; Setser v. Welch, 4 Cir., 159 F.2d 703, 704, certiorari denied 331 U.S. 840, 67 S.Ct. 1510, 91 L.Ed. 1851; Burall v. Johnston, 9 Cir., 146 F. 2d 230, certiorari denied 325 U.S. 887, 65 S.Ct. 1567, 89 L.Ed. 2001. See also United States v. Richmond, 2 Cir., 295 F.2d 83, 89, certiorari denied 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344.

4. Crooker v. California, 357 U.S. 433, 439, 78 S.Ct. 1287, 1292, 2 L.Ed.2d 1448;

In his brief filed in this court appointed counsel for the petitioners asserts that the petitioners did not have a fair trial because a television tape was made of the petitioners' confessions in Utah and shown there and in western Kansas prior to trial. The recent decision in Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663, is said to require a reversal. We do not agree. The difference between Rideau and the case at bar is that in Rideau a change of venue was requested on the ground of the ill-advised telecasts and the request was denied. In the instant case a change of venue was made from Wallace County to Russell County but the record does not disclose a request for a change from Russell County on the ground of the telecasts. Further, in the Rideau case three jurors admitted viewing the objectionable telecasts and challenges to such jurors for cause were denied by the trial court. In the cases before us the record discloses that prior to the exercise of any peremptory challenges, defense counsel passed all jurors for cause. Be that as it may, the claim of jury prejudice because of the telecasts was not presented to the trial court and hence is not before us for review.[5]

Defense counsel urges that the petitioners should have been promptly taken before a magistrate in Utah after their confessions apprised the officers of the Kansas homicide. A Utah magistrate has no extraterritorial authority over a Kansas crime and a Kansas magistrate would have no power to hold a preliminary examination in Utah. The process of removal of one arrested in one state for a crime in another state is that of extradition. No claim is made of any defect in the extradition proceedings.

Further objections go to the denial of the motion of the local counsel, appointed to assist the original counsel, for a continuance, the motion for a second psychiatric examination, the instruc-

tions, and the closing argument of prosecution counsel. These were resolved by the Kansas Supreme Court. Our examination of the record convinces us that none of these points relate to any constitutional rights. Habeas corpus may not be used for the review of claimed trial errors unrelated to basic constitutional rights.

Affirmed.

---

Cicenia v. Lagay, Superintendent, New Jersey State Prison Farm, 357 U.S. 504, 508, 78 S.Ct. 1297, 1299, 2 L.Ed.2d 1523.

5. Way v. United States, 10 Cir., 276 F.2d 912, 913; Richardson v. United States, 10 Cir., 199 F.2d 333, 335.