**Jay R. KURTH, Petitioner,**

v.

**Honorable Roy L. STEPHENSON and Honorable Edward J. McManus, as Judges of the District Court for the Southern District of Iowa, Respondents.**

No. 17482.

United States Court of Appeals
Eighth Circuit.

Nov. 1, 1963.

Jacob Rassner, New York City, for plaintiff-appellant.

Alexander & Green, New York City, (Donald M. Dunn, Alfred C. Moran, New York City, of counsel), for defendant-appellee.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

Jay R. Kurth, pro se.
No appearance for respondents.

998

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner is an inmate of the Iowa State Penitentiary. One of respondents is Chief Judge of the District Court for the Southern District of Iowa, and the other has been sitting temporarily as a Judge of such court under designation and assignment made pursuant to 28 U.S.C.A. § 292(a).

A writ of mandamus is sought by petitioner to compel respondents to grant him a hearing on a habeas corpus petition against the Warden of the Iowa State Penitentiary. Denial of the petition without a hearing had been made by one of respondents after the filing of a response thereto by the Attorney General of Iowa, and the other respondent had thereafter refused petitioner's request to set aside the order of dismissal.

 The response of the Attorney General of Iowa showed that petitioner had instituted a habeas corpus proceeding in the District Court of Iowa in and for Lee County, of which denial had been made without a hearing; that under Rules 306–319, Iowa Rules of Civil Procedure, 58 I.C.A., the remedy of certiorari was available to have the Iowa Supreme Court review whether the lower court in refusing to grant a hearing on the petition had acted illegally or exceeded its jurisdiction; that this remedy remained open to petitioner for a period of six months from the time of the denial of habeas corpus and the refusal of hearing; and that such six-months' period had still not expired at the time of petitioner's institution of habeas corpus in the federal district court. In fact, it has not even yet expired.

Respondents were of the view that in this situation petitioner had failed to exhaust his presently available remedy in the Iowa courts. Clearly there was sufficient basis for this view and position to be taken, so that the action of respondents in making denial of the federal application in habeas corpus cannot be held to be arbitrary or an abuse of judicial discretion.

 Petitioner contends that there has been sufficient exhaustion of Iowa Supreme Court remedies on his part, in that after the denial of his habeas corpus application by the lower state court, he made direct application to the Iowa Supreme Court for habeas corpus relief and this was denied. His papers show, however, that the Iowa Supreme Court refused his habeas corpus request solely on the ground that "the applicant is confined in a state institution and the application is not made to the court or judge most convenient in point of distance". Thus the refusal did not rest upon a consideration of his claims but simply upon his inappropriate choice of forum. The refusal of the Iowa State Supreme Court on this basis to consider petitioner's habeas corpus application cannot be argued to have equivalence to or demonstrate futility as to the exhaustion of his remedy of certiorari in respect to the lower state court's action.

The application for a writ here thus is without any basis for being granted and it is accordingly denied.

Application denied.