James Douglas LATHAM and George Ronald York, Petitioners,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Respondent.

Misc. No. 262.

United States Court of Appeals Tenth Circuit.

Nov. 24, 1964.

Roy Cook and Edward W. Brunk, Kansas City, Kan., for petitioners.

Before BREITENSTEIN, HILL, and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The joint applications of the petitioners seek certificates of probable cause and stays of execution. They were convicted in a Kansas state court of murder, sentenced to death, and on appeal the judgments were affirmed. State v. Latham, 190 Kan. 411, 375 P.2d 788. Certiorari was denied. Latham v. State, 373 U.S. 919, 83 S.Ct. 1310, 10 L.Ed.2d 418. Thereafter habeas corpus relief was denied by the United States District Court for the District of Kansas. We affirmed. Latham v. Crouse, 10 Cir., 320 F.2d 120. Certiorari was denied. Latham v. Crouse, 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317. A second application for habeas corpus met a similar fate. See Latham v. Crouse, 10 Cir., 330 F.2d 865, certiorari denied 85 S.Ct. 134. The Kansas Supreme Court set December 2, 1964, as the date for execution of the petitioners. A third application for habeas corpus was then presented to the United States District Court and was again denied. The district court declined to grant the certificates of probable cause required by 28 U.S.C. § 2253.

At the third habeas hearing the parties adduced no new evidence and relied on the record theretofore made. Petitioners assert that their constitutional rights were violated because they did not have the assistance of counsel before they confessed.

Petitioners were arrested in Tooele County, Utah, by a county sheriff and his deputies on June 10, 1961. Petitioners were told that they were arrested on a federal charge of transportation of a stolen car in interstate commerce and were turned over to an agent of the Federal Bureau of Investigation who took them to Salt Lake City where, on the same day, they were arraigned before a United States commissioner on a Dyer Act charge. The commissioner advised the petitioners of their right to counsel. Neither petitioner asked to have counsel appointed. On June 11, 1961, the petitioners were interrogated by agents of the FBI on the Dyer Act charge. Prior to the interrogation the agents advised petitioners that they had the right to counsel and that any statements made by them might be used against them. Petitioners did not request counsel. Before making any confession the two petitioners were permitted to confer privately

out of the hearing of any officers. After this conference the petitioners confessed the Kansas murder. The confessions were later repeated to agents of the Kansas Bureau of Investigation after those agents had advised petitioners of their constitutional rights including the right to counsel. Nothing in the record indicates that the federal agents suspected the petitioners of the Kansas murder or were doing anything other than a routine investigation of the Dyer Act charge.

Petitioners were released to the Kansas officers and, after waiving extradition, were taken to Kansas where counsel were appointed for them and an information charging murder was filed several weeks later. On the subsequent trial the Utah confessions were admitted in evidence over objection.

This is not a case in which after indictment incriminating statements were made, compare Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246; or in which after indictment a confession was made, compare Spano v. People of State of New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265; or in which detention was had on one charge for the purpose of investigating another, compare United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48. The confessions with which we are concerned were made voluntarily after advice of the right to counsel and in the course of an investigation of another crime.

Petitioners place prime reliance on Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. In that case during the investigation of a crime of which Escobedo was suspected he made repeated efforts to consult with his lawyer and the lawyer was denied access to his client. In the case at bar full opportunity was given petitioners to have legal advice. The record convinces us that they intelligently and understandingly rejected counsel and waived their right to counsel, compare Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70. They did so at a time when the Utah investigation concerned an unrelated crime, and after they were effectively warned of their constitutional rights.

The rejection of the petitioners' confessions would be tantamount to a holding that statements or admissions to police officials out of the presence of counsel may not be received in evidence regardless of when and how made. Neither Escobedo nor any decision of which we are aware goes this far. See Long v. United States, D.C.Cir., 338 F.2d 549; and Jackson v. United States, D.C.Cir., 337 F.2d 136. In the circumstances here presented the admission in evidence of the confessions violated no constitutional rights of the petitioners.

The applications for certificates of probable cause and for stays of execution are severally denied.