600

UNITED STATES of America ex rel.
James WHITING

v.

David N. MYERS, Superintendent, State
Correctional Institution, Graterford,
Pennsylvania.

Misc. No. 2886.

United States District Court
E. D. Pennsylvania.

Dec. 16, 1964.

James Whiting, in pro. per.

GRIM, District Judge.

In this habeas corpus action, petitioner, a state prisoner, makes the following allegations of fact:

1. A habeas corpus petition asserting the same claim as is made in the petition before this court, was filed in the Common Pleas Court of Philadelphia, June Term, 1964, No. 6442.

2. The petition was dismissed by that county court on September 29, 1964, without opinion.

3. "On November 13, 1964, the petitioner filed a petition for writ of mandamus in the Supreme Court of Pennsylvania, requesting said court to order the Court of Common Pleas to make its findings known to the petitioner."

4. On November 17, 1964, the Prothonotary of the Supreme Court returned the petition for writ of mandamus, advised the petitioner that the proper procedure to follow was to take an appeal, and enclosed the necessary appeal form.

5. Petitioner has not taken an appeal from the order of the Common Pleas Court because he does not think that he can "submit an adequate appeal without knowing the reason for the dismissal of his petition for writ of habeas corpus by the lower court. * * *."

■■ From this recitation of facts, relator submits that he has exhausted his presently available state remedies. I disagree. The time to appeal the decision of the Common Pleas order denying his habeas corpus petition has not yet expired, P.L. 415, § 7, Act of May 25, 1951, 12 P.S. § 1907; P.L. 67, § 4, Act of May 19, 1897, as amended, 12 P.S. § 1136. The filing of an opinion by the Common Pleas Court is not a prerequisite to the perfection of an appeal to the Supreme Court. Rule 63 of the Rules of the Su-

preme Court of Pennsylvania provides that:

"Immediately upon entering his appeal, appellant shall serve notice thereof * * * on the judge who * * * entered any order, judgment or decree, of which appellant complains and the reasons for which do not already appear of record * * *. On the receipt of the notice here required, * * * the court below shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the ruling, order, judgment or decree therein referred to * * *."

Accordingly, the present petition in this court will be denied without prejudice to the right of relator to reassert his contentions once he can demonstrate to this court that he has properly exhausted his state remedies.