James Douglas **LATHAM**, Appellant,

v.

Sherman H. **CROUSE**, Warden, Kansas
State Penitentiary, Appellee.

George Ronald **YORK**, Appellant,

v.

Sherman H. **CROUSE**, Warden, Kansas
State Penitentiary, Appellee.

Nos. 8214, 8215.

United States Court of Appeals
Tenth Circuit.

June 9, 1965.

Roy Cook, Kansas City, Kan., for appellants.

Park McGee, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., and J. Richard Foth, Asst. Atty. Gen., State of Kansas, were with him on the brief), for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

These two appeals were consolidated for hearing and disposition. For the fourth time the appellants are before the court on appeals from the denials of habeas corpus applications seeking relief from death sentences imposed by a Kansas state district court on December 2, 1961, for a murder committed on June 9, 1961. The Kansas Supreme Court affirmed the judgments. State v. Latham, 190 Kan. 411, 375 P.2d 788. Certiorari was denied, Latham v. State, 373 U.S. 919, 83 S.Ct. 1310, 10 L.Ed.2d 418. Habeas corpus relief was then sought from, and denied by, the United States District Court for the District of Kansas and we affirmed. Latham v. Crouse, 10 Cir., 320 F.2d 120, certiorari denied Latham v. Crouse, 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317. Two more applications for federal habeas relief met similar fates. See Latham v. Crouse, 10 Cir., 330 F.2d 865, certiorari denied 379 U.S. 866, 85 S.Ct. 134, 13 L.Ed.2d 69, and Latham v. Crouse, 10 Cir., 338 F.2d 658, certiorari denied April 26, 1965, 85 S.Ct. 1361. The present petitions were filed in federal district court on May 12, 1965, and denied on May 26, 1965.

The first contention is that the appellants' confessions were improperly received because they were not repre-

sented by counsel at the time when the confessions were made. This point was raised and determined in the first habeas petitions. Latham v. Crouse, 320 F.2d 120, 122–123. It was again raised and determined in the third habeas petitions. Latham v. Crouse, 338 F.2d 658, 659. Those two decisions adverse to the appellants were made on the merits after full hearings. The ends of justice would not be served by any further consideration of the contention at this time. Sanders v. United States, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 10 L.Ed.2d 148.

The second ground for reversal is the reception in evidence of two revolvers, a steel tape, and certain gloves which were found in and taken from the car in which the appellants were riding at the time of their arrest. It is admitted that at such time a federal warrant for the interstate transportation of a stolen motor vehicle was outstanding against the appellants. The state sheriff who arrested them after he had stopped their car promptly told them that they were under arrest for the interstate transportation of a stolen car. Contemporaneous with the arrest the sheriff took possession of the car and found in the glove compartment of the car two revolvers and a steel tape. Later two pairs of gloves were found in the trunk of the car.

In their confessions the appellants described the guns which they had used in committing the murder and that description matched the guns found at the time of arrest. They also said that they took two pairs of gloves and a steel measuring tape from the glove compartment of their victim's car. These gloves and tape were in the car in which they were riding at the time of their arrest.

The trial court, after a full hearing in which the appellants and others testified and in which the record of the state trial was received in evidence, found the facts substantially as related above, held that the arrest, search and seizure were lawful, and denied the petitions for habeas corpus.

At the time of the state trial no objection was made to the receipt in evidence of the guns, tape or gloves on the ground of an unlawful search and seizure. The only objection was based on an alleged failure to lay a proper foundation. The appellants and their counsel have had knowledge throughout all these proceedings of the taking of these items at the time of the arrest and of their use in evidence. No point was made in the trial proceedings, in the appeal to the Kansas Supreme Court, or in the three prior habeas corpus proceedings of any constitutional defect because of the search and seizure. In the course of the oral argument before this court counsel representing the appellants, the same counsel who represented them in each of the three prior habeas petitions and appeals from denials thereof, stated that the only reason that he had not presented the point earlier was that it had not occurred to him. In Sanders it is pointed out that habeas corpus is governed by equitable principles and among these is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief which he seeks. 373 U.S. 1, 17, 83 S.Ct. 1068.

This litigation has gone far enough. The points now urged could have been but were not presented in state court and in the three prior habeas proceedings. Litigation is endless if it may be indefinitely continued by the asserted afterthoughts of able counsel. We are of the opinion that the conduct of the appellants and their counsel is such as to deprive them of right to the relief which they now seek. If they are entitled to assert the grounds on which they now rely, we hold that the fact findings of the trial court are sustained by substantial evidence and are not clearly erroneous. The search and seizure were incidental to a lawful arrest and violated no constitutional right of the appellants.

The judgments are severally affirmed and the applications for stays of execution are severally denied.