Amos **BLACK**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19204.

United States Court of Appeals
Ninth Circuit.

June 25, 1965.

Rehearing Denied July 27, 1965.

Amos Black, in pro. per.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Sec., John A. Mitchell, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

On September 16, 1957, Amos Black, appellant herein, was convicted of violations of a federal narcotics law, 21 U.S.C. § 174; and sentenced to thirty years imprisonment. On January 16, 1964, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of California, Central Division. The district court, in an order filed on January 21, 1964, denied appellant's petition. From this order appellant appeals, invoking the jurisdiction of this court pursuant to 28 U.S.C. § 2253.

Appellant's petition for a writ of habeas corpus follows in the wake of numerous previous attempts attacking his conviction of September 16, 1957.[1] The only ground raised in appellant's petition that has not previously been considered and found to be without merit is that appellant was denied his right to counsel in violation of the Sixth Amendment of the Constitution because he was not represented by counsel at the time of his arraignment and plea.

The pertinent facts are not in dispute and are as follows: The transcript of the proceedings taken at the arraignment has been reproduced in appellant's petition. The transcript shows that appellant was advised of his constitutional right to a jury trial, to compulsory attendance of witnesses and to be represented by counsel. After being so advised, the appellant was asked whether he had counsel. In response, appellant informed the court that he was represented by counsel and that, although counsel was not present, he was ready to plead at that time. Appellant then plead not guilty to each count of the indictment, a trial date was set and appellant asked to advise his counsel of the date set. In all subsequent stages of the proceedings appellant was represented by counsel.

Since, under the circumstances of this case, there was no likelihood that appellant was prejudiced in any way by the absence of his counsel at the arraignment, the order of the district court denying appellant's petition for habeas corpus is affirmed, Johnson v. United States, 333 F.2d 371 (10th Cir. 1964).

CHAMBERS, Circuit Judge (concurring):

I concur in Judge Hamlin's opinion. I suppose it is our duty to hear the repeated appeals of Amos Black, thin as they are. I am wondering if we shall not have an appeal soon on a conviction on his questionable testimony about the validity of his signature. (See Judge Hamlin's footnote 1.) That would be new subject matter.

---

1. The appellant's appeal from his conviction of September 16, 1957, was never perfected because appellant failed to cause the record on appeal to be filed and the proceeding to be docketed in a timely manner. Thereafter, on April 28, 1959, appellant filed a motion pursuant to 28 U.S.C. § 2255 in the district court. This court affirmed the denial of that motion by the district court, and held that appellant had abandoned his appeal on or before April 28, 1958. See Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959). Subsequently, in an apparent attempt to pursue an appeal from his conviction, appellant filed a motion in this court entitled "For A Judicial Review De Novo." In this motion appellant alleged that his signature appearing on a document authorizing his substitution as counsel in the place of his original trial counsel was a forgery. In response to appellant's motion this court on November 20, 1962, ordered that the case [Misc. No. 1571] be remanded to the district court to determine whether the signature on the document was that of appellant or was a forgery as alleged. On July 20, 1964, after the hearing on remand, the district court found that appellant had in fact signed the document in question. Therefore, the court finds it unnecessary to consider further appellant's motion, and that motion is hereby denied.