**Richard Edward MADISON, Petitioner,**

v.

**Ralph H. TAHASH, Warden, Minnesota State Prison, Respondent.**

No. 3–65–Civ. 336.

United States District Court
D. Minnesota,
Third Division.

Jan. 17, 1966.

Richard E. Madison, pro se.

Gerard W. Snell, Sol. Gen. of Minnesota, for respondent.

LARSON, District Judge.

Petitioner Richard E. Madison is presently confined in the Minnesota State Prison at Stillwater pursuant to a conviction and sentence for the crime of robbery in the first degree. He now seeks a writ of habeas corpus, alleging that his arraignment was constitutionally defective. Respondent, Warden of the prison, has filed an Answer denying any violation of constitutional rights and requesting dismissal of the petition.

*Exhaustion of Remedies—*

█ If petitioner has not exhausted State remedies, as required by 28 U.S.C.A. § 2254, the petition should be dismissed without prejudice. On July 8, 1965, petitioner's application for a writ of habeas corpus was filed with the Washington County, Minnesota, District Court, and was denied on August 5, 1965. No appeal was taken from this denial, but instead petitioner sought an orginal writ of habeas corpus from the Minnesota Supreme Court. This was denied on September 23, 1965. The present petition was then filed in this Court.[1]

In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the United States Supreme Court considered the question of whether the doctrine of exhaustion of remedies precluded a State prisoner from seeking Federal habeas corpus where he failed to timely appeal his conviction to the highest State court. Rejecting the contention that 28 U.S.C.A. § 2254 "embodies a doctrine of forfeitures," the Court held it is "limited in its application to failure to exhaust state remedies still open to the habeas applicant at the time he files his application in federal court." 372 U.S. at 434, 435, 83 S.Ct. at 847. However, the Court also held that "the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." 372 U.S. at 438, 83 S.Ct. at 849.

Although Fay v. Noia dealt with failure to take a direct appeal, the rationale of that decision must apply as well to the failure to appeal from a denial of post conviction relief in the State courts. The record on the present petition does not conclusively demonstrate that the right of appeal is no longer open to petitioner. Minnesota Statutes § 589.29 provides that appeals from final orders in habeas corpus proceedings must be taken in the same manner as other appeals. The time within which to appeal from an Order is thirty days, which begins to run after notice of filing the Order has been served upon the aggrieved party by his adversary. Minn.Stat.Ann. § 605.08(1). Just as an untimely appeal in the ordinary civil case will be dismissed, so too will a late appeal in a habeas corpus proceeding. State ex rel. Petschen v. Rigg, 257 Minn. 25, 99 N.W.2d 669 (1959). The District Court's Order of denial in the instant case was filed August 9, 1965, but there is no suggestion in the present record that notice of filing was ever served upon petitioner. If no service has been made, then the time to appeal has not yet started to run and petitioner

---

1. Prior to the disposition of petitioner's application by the State District Court, he moved for an Order from this Court compelling action upon the petition. By Order of August 9, 1965, the motion was denied.

could be remanded to the State courts to to pursue a remedy still open to him.[2]

But even if the right of appeal is still open here, petitioner should nonetheless be held to have exhausted his State remedies since his contentions were presented to the Minnesota Supreme Court in his application for an original writ of habeas corpus, and were determined on the merits by that court. In this respect the present application is distinguishable from the facts presented in Kurth v. Stephenson, 323 F.2d 997 (8th Cir. 1963). In that case the Eighth Circuit rejected the notion that a habeas applicant had exhausted State remedies although he petitioned the Iowa Supreme Court for an original writ of habeas corpus instead of prosecuting an appeal from a denial of his petition in the lower courts. Unlike the situation here, the habeas application in the Kurth case was not considered by the Iowa court on its merits. Since the time to appeal had not expired, the applicant's contentions could still have been considered by the Iowa court on the merits. Moreover, as indicated by the Supreme Court in Fay v. Noia, the doctrine of exhaustion of remedies is not one of limitation on the habeas corpus jurisdiction of Federal courts, but merely one guiding its exercise. Its purpose is to avoid needless friction between State and Federal judicial systems by giving State courts the first opportunity to correct any constitutional deficiencies which may surround a criminal conviction. That purpose is satisfied where, as here, an applicant's contentions have been reviewed and determined on the merits by the highest State court.

*Deliberate By-Pass—*

Fay v. Noia permits this Court to exercise a limited discretion in denying petitions for habeas corpus where the applicant has forfeited State remedies by knowingly and deliberately by-passing State procedures. The fact that petitioner herein did seek relief from the Minnesota Supreme Court indicates that his failure to appeal was not a "deliberate by-pass" of State procedures which would bar him from proceeding with a Federal petition.[3]

*Petitioner's Allegations—*

Petitioner's contentions, as stated in the application, are as follows:

"I did not have the assistance of counsel at my arraignment on robbery charges in Jan. 5, 1956. I was denied the right to argue my illegal detention in the St. Paul, City Jail for ten days before my arraignment. I was not allowed to the pre-trail (sic) motions given me under the law. I was denied the right to file a petition at my arraignment, arguing illegal arrest, arrest without Warrant, illegal search and siesure (sic), and being held ten days in jail without counsel while a case was built against me by the State."

■ Petitioner seems to maintain that he had an absolute constitutional right to counsel at arraignment.[4] The transcript shows that when petitioner appeared for arraignment before a Minnesota District Court on January 3,

2. See Henry v. Tinsley, 344 F.2d 109 (10th Cir. 1965); Kurth v. Stephenson, 323 F.2d 997 (8th Cir. 1963); United States ex rel. Whiting v. Myers, 237 F.Supp. 600 (E.D.Pa.1964), in which petitions for Federal habeas were dismissed where, at the time they were filed, the applicants still had available the right to appeal from denials of post conviction relief.

3. Compare Hunt v. Warden, Md. Penitentiary (Bristow v. Pepersack), 335 F.2d 936 (4th Cir. 1964) (failure to appeal held not deliberate by-pass), with Eskridge v. Rhay, 345 F.2d 778 (9th Cir.

1965) (dismissal of appeal contrary to counsel's advice held deliberate by-pass).

4. Petitioner also claims that under Minnesota Statutes, § 611.07, he was entitled to appointed counsel at arraignment. This claim need not be considered here since the question of whether or not petitioner's arraignment conformed to State law does not raise a Federal issue. See Davis v. State of North Carolina, 339 F.2d 770 (4th Cir. 1964); Collins v. Klinger, 332 F.2d 54 (9th Cir.), cert. denied, 379 U.S. 906, 85 S.Ct. 199, 13 L.Ed.2d 178 (1964).

1956, he was without counsel.[5] The Court thereupon asked whether he had funds to employ an attorney and when petitioner indicated he did not, the Court stated, "I will appoint the Public Defender." Petitioner's response was, "I refuse to accept the Public Defender." When the Court stated, "Well, you will have to try the case yourself then," petitioner replied, "I will, I will represent myself * * *." The Court then inquired whether petitioner wanted to plead at that time and he answered by pleading not guilty. Thereafter the charge was read and petitioner again entered a not guilty plea. Subsequently he expressed a desire to have a "competent attorney" represent him. He suggested a lawyer, but expressed doubts as to whether the attorney would accept the case. Petitioner then told the Court, "Perhaps you should appoint someone." At the trial, and at the time of sentencing, petitioner was represented by the Public Defender.

*Right to Counsel at Arraignment—*

Although petitioner contends he could not waive his right to counsel, it is unnecessary to consider whether the record supports a knowing and intelligent waiver in view of the conclusion that there is no constitutional requirement that petitioner be represented by counsel at arraignment.[6]

Since Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963),

extended the Sixth Amendment's guarantee of the right to counsel to State criminal defendants, questions have arisen concerning the time when the right attaches.[7] In subsequent decisions the Supreme Court has recognized the necessity for the presence of counsel at stages prior to arraignment.[8] The decision governing the instant case was, however, decided prior to *Gideon*. In Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), a defendant accused of a capital crime was arraigned without counsel. He entered a plea of not guilty. Under Alabama procedure, once a plea has been entered, whether guilty or not guilty, the defendant may not thereafter raise various defenses. Without determining whether Hamilton would have, or could have, availed himself of the defenses "irretrievably lost" by virtue of the plea, the Supreme Court concluded that arraignment is a "critical stage" in Alabama criminal proceedings. Holding that Hamilton should have been afforded counsel at arraignment, the Court stated, "when one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted." 368 U.S. at 55, 82 S.Ct. at 159.

Although the present case does not involve a capital crime, it seems clear that *Hamilton* applies to non-capital charges as well, despite intimations to the contrary from some courts.[9] *Hamil-*

5. The record suggests that petitioner had previously appeared for arraignment but was not represented by counsel. Although the record does not so indicate, the arraignment was probably postponed to allow petitioner to secure counsel.

6. It is not entirely clear that petitioner intended to waive any right to counsel at arraignment. It may be that he understood the court to be referring to the appointment of counsel for purposes of trial only.

7. See Kamisar & Choper, The Right to Counsel in Minnesota: Some Field Findings and Legal-Policy Observations, 48 Minn.L.Rev. 1, 33–61 (1963).

8. See White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963)

(preliminary examination); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) (after indictment); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) (during police interrogation). These decisions did not establish a constitutional standard of general applicability, but turned upon the particular facts involved. Early appointment of counsel is questioned in Enker & Elsen, Counsel for the Suspect: Massiah v. United States and Escobedo v. State of Illinois, 49 Minn. L.Rev. 47 (1964).

9. Vitoratos v. Maxwell, 351 F.2d 217 (6th Cir. 1965); United States ex rel. Spinney v. Fay, 221 F.Supp. 419 (S.D.N.Y.), aff'd, 325 F.2d 436 (2d Cir. 1963), cert. denied, 377 U.S. 938, 84 S.Ct. 1343, 12

*ton* was decided prior to *Gideon,* and *Gideon* established, at the least, that the right to counsel applies in non-capital felony cases. Certainly it would be anomalous to conclude that the right to counsel exists for non-capital defendants, but at the same time to say that the question of whether or not the right attaches at arraignment depends upon whether the charge is capital or not.[10]

The more crucial question is whether *Hamilton* established an absolute right, or whether the right depends upon a showing of prejudice. That decision was based on a finding that arraignment is a "critical stage" in Alabama. Similarly, the ground for a subsequent decision, White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), in which the court held a defendant was entitled to be represented by counsel at a Maryland preliminary hearing, was a finding that the proceeding was a "critical stage."[11] The Court's statement in *White* that " * * * the rationale of Hamilton v. Alabama, supra, does not rest, as we shall see, on a showing of prejudice,"[12] must be taken to mean that no actual prejudice need be shown where the proceeding is critical. *Hamilton* might be restated thus: A state criminal defendant must

be afforded counsel at arraignment if it is a critical stage in the proceedings. It is critical if the possibility of prejudice exists, even though none resulted to the particular defendant. On the other hand, if the proceeding itself is not critical, actual prejudice must be shown before the presence of counsel at arraignment is constitutionally compelled.[12a] In DeToro v. Pepersack, 332 F.2d 341 (4th Cir.), cert. denied, 379 U.S. 909, 85 S. Ct. 198, 13 L.Ed.2d 181 (1964), the Fourth Circuit succinctly summarized the scope of *Hamilton* and *White* as follows:

> "In our view, Hamilton and White teach that an accused is denied rights accorded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpire that are likely to prejudice his ensuing trial. The Court, in each case, refused to speculate as to whether in fact prejudice actually accrued.
>
> "Thus, the thrust of Powell's admonition that an accused has a right to counsel 'at every step in the proceedings against him,' as borne out by subsequent decisions, including Hamilton and White, seems to be

L.Ed.2d 300 (1964); State v. Perra, 266 Minn. 545, 125 N.W.2d 44 (1963), cert. denied, 377 U.S. 982, 84 S.Ct. 1889, 12 L.Ed.2d 749 (1964).

10. Cf. United States ex rel. Durocher v. LaVallee, 330 F.2d 303, 309 (2d Cir.), cert. denied, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964).

11. In the *White* case the defendant pleaded guilty at a preliminary hearing, but later withdrew the plea. However, at the trial the prosecution was permitted to introduce the guilty plea in evidence. In DeToro v. Pepersack, 332 F.2d 341 (4th Cir.), cert. denied 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181 (1964), the Fourth Circuit indicated that Maryland has subsequently changed its procedure to prevent any reference to a plea entered at the preliminary hearing. In that case the court held the prior Maryland procedure was not critical where a habeas applicant had pleaded not guilty. In other jurisdictions, preliminary hearings, or

probable cause hearings, have also been held not to be critical. See Vess v. Peyton, 352 F.2d 325 (4th Cir. 1965) (Virginia); Wilson v. Harris, 351 F.2d 840 (9th Cir. 1965) (California); United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2nd Cir.), cert. denied, 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181 (1964) (Connecticut); Ronzzo v. Sigler, 235 F. Supp. 839 (D.Neb.1964), aff'd, 346 F.2d 565 (8th Cir. 1965) (Nebraska); United States ex rel. Gary v. Hendrick, 238 F. Supp. 757 (D.Pa.1965) (Pennsylvania).

12. 373 U.S. at 60, 83 S.Ct. at 1051.

12a. Walton v. State of Arkansas, 371 U.S. 28, 83 S.Ct. 9, 9 L.Ed.2d 9 (1962) (per curiam) vacated a conviction where a defendant, upon arraignment, acknowledged the voluntariness of a confession which was later used against him in a capital case. The case was remanded for a determination of whether he had counsel at arraignment or, if not, whether he waived that right.

that if the effectiveness of legal assistance ultimately furnished an accused is likely to be prejudiced by its prior denial, the earlier period may be deemed a critical stage in the judicial process and a conviction obtained in such circumstances is rendered invalid. We find nothing in the Supreme Court decisions, however, that would permit us to extend the duty of the State to appoint counsel in proceedings where even the likelihood of later prejudice arising from the failure to appoint is absent." 332 F.2d at 343–344.[13]

■■ The applicability of *Hamilton* to the present case thus depends upon whether arraignment is a critical stage in Minnesota. Upon arraignment, a defendant may "either move the court to set aside the indictment, or demur or plead thereto." Minn.Stat.Ann. § 630.13. This section seems to require that the motion to set aside be made at the time of arraignment, although the hearing on the motion may be postponed by the court for good cause. Minn.Stat.Ann. § 630.19. A demurrer may be interposed "either at the time of the arraignment, or at such other time as may be allowed to the defendant for that purpose." Minn.Stat. Ann. § 630.22. The objection that the conduct complained of is not a criminal offense, and objections to the court's subject matter jurisdiction are not lost by failure to assert them at arraignment. These issues may be raised at the time of trial, or on a motion in arrest of judgment. Minn.Stat.Ann. § 630.27. A challenge to the court's jurisdiction over the person of the defendant is in a different category. This must be asserted prior to a plea or it is deemed to be waived. State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N.W.2d 898, cert. denied, 358 U.S. 899, 79 S.Ct. 224, 3 L.Ed.2d 149 (1958). Equally, objections to delay in bringing a defendant before a magistrate for a preliminary hearing are waived if not made prior to arraignment. State v. Perra, 266 Minn. 545, 125 N.W.2d 44 (1963), cert. denied, 377 U.S. 982, 84 S. Ct. 1889, 12 L.Ed.2d 749 (1964).

From the foregoing, it appears that the possibility exists that substantive defenses may be jeopardized if not asserted at arraignment or prior to entry of a plea. However, these rights are not "irretrievably lost." Decisions of the Minnesota Supreme Court suggest that if a plea is entered when defendant is not represented by counsel, it may be vacated or withdrawn for the purpose of raising these defenses. State v. Perra, supra, was a direct review of a conviction for robbery in the first degree. Among the arguments advanced as a basis for setting aside the conviction were the claims (a) that defendant was held in custody for six days before being brought before a magistrate for a preliminary hearing and (b) that defendant was not represented by counsel at arraignment and a not guilty plea was entered by the court, which precluded defendant from thereafter raising certain objections. The court rejected both of these claims, indicating that defendant was bound by the action of appointed counsel in failing to object to any of the proceedings prior to trial and in failing to seek withdrawal or vacation of the plea for the purpose of attacking the information. The opinion suggests that the mere fact that a plea was entered on arraignment would not preclude counsel, subsequently appointed, from raising these questions.

"On October 5, 1960, defendant's trial commenced. At this trial he was represented by Donald K. Smith, assistant public defender. No objection was then made to any procedure having reference to the arrest of defendant or to any of the proceedings preliminary to trial. No objection was made to the jurisdiction of the court either as to the person of the defendant or to the subject matter

13. In accord: Wilson v. Harris, 351 F.2d 840 (9th Cir. 1965); United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2nd Cir.), cert. denied, 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181 (1964); Latham v. Crouse, 320 F.2d 120 (10th Cir.), cert. denied, 375 U.S. 959, 84 S.Ct. 449, 11 L. Ed.2d 317 (1963).

involved. \* \* \*" 125 N.W.2d at 48.

"At the arraignment the information was read and an endorsed copy of it delivered to him by the clerk of the district court. In the absence of his counsel the court then entered a plea of 'not guilty' in his behalf. At no time thereafter did he or his counsel seek to withdraw such plea so as to authorize a demurrer to the information; or a motion to set it aside. At the trial which took place several months later, no objection was made to the procedure described, and defendant proceeded to trial on the merits." 125 N.W.2d at 51–52.

The quoted language intimates that had counsel desired to raise any issues suspended by entry of a plea, he would have been permitted to do so. Thus it appears that a plea entered without benefit of counsel does not operate to irrevocably waive any defenses and objections. State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 126 N.W.2d 646 (1964) also supports this conclusion. Lacklineo, appealing the denial of his petition for a writ of habeas corpus, alleged that he was without counsel at the time of arraignment and contended inter alia, that the court's entry of a not guilty plea on his behalf precluded him from challenging proceedings prior to arraignment. Noting that defendant, who was then represented by appointed counsel, later substituted the not guilty plea for one of guilty, the Court stated:

"There is no showing whatsoever that any procedural steps required to be taken before a plea is entered could not have been taken, or that he requested any to be taken, or in fact, that any such steps were warranted. \* \* \* There is no intimation that the court would not have vacated the not-guilty plea upon request. \* \* \* Under the circumstances, the entry of the not-guilty plea by the court without counsel being present is purely a technical objection which would have been readily corrected upon petitioner's request after counsel was appointed." 126 N.W.2d at 650–651.[14]

Although *Perra* and *Lacklineo* both involved situations where the not guilty plea was directed by the court, it should be immaterial whether the plea was entered by the defendant himself or by the court. Both decisions certainly suggest that a defendant who pleads without the assistance of counsel has available to him methods by which he can resurrect any defenses lost by virtue of the plea. Since procedures exist to prevent rights from being "irretrievably lost" where a plea is entered without counsel, it must be concluded that arraignment is not a critical stage in Minnesota.[15] Although State court decisions are not binding upon this Court, the Minnesota Supreme Court has also concluded that arraignment is not a critical stage. State v. Roy, 266 Minn. 6, 122 N.W.2d 615, cert. denied, 375 U.S. 956, 84 S.Ct. 445, 11 L. Ed.2d 315 (1963).[16]

There is authority for the proposition that arraignment is always critical when a defendant pleads guilty in the absence

14. Lacklineo subsequently petitioned the Federal District Court in Minnesota for a writ of habeas corpus, which was denied without an evidentiary hearing. On appeal to the Eighth Circuit, the case was remanded for an evidentiary hearing on the question of the voluntariness of defendant's guilty plea, entered after counsel was appointed. Lacklineo v. Tahash, 351 F.2d 58 (8th Cir. 1965). The Circuit Court did accept the conclusion of the Minnesota Supreme Court that Lacklineo was not foreclosed of any right by the Court's entry of a not guilty plea upon arraignment.

15. Compare United States ex rel. Spinney v. Fay, 221 F.Supp. 419 (S.D.N.Y.), aff'd, 325 F.2d 436 (2d Cir. 1963), which held that arraignment is not a critical stage in New York even though motions to set aside challenges to an indictment must be made at the time of arraignment, since a plea entered in the absence of counsel may later be withdrawn to permit assertion of these defenses.

16. Justices Otis, Murphy and Rogosheske disagreed with the statement of the majority that "[a]rraignment, in this state, is not from the standpoint of due process a critical stage of the proceedings." 122 N.W.2d at 619.

of counsel.[17] Obviously a defendant suffers prejudice in fact where he enters a plea of guilty without the advice of counsel concerning the effect of such a plea. In the instant case, petitioner pleaded not guilty. Thus he can claim no actual prejudice in this respect.[18]

Petitioner, however, refers to several specific defenses which he was not permitted to raise at the time of arraignment. These relate to illegal arrest and detention, illegal search and seizure, and delay in arraignment. As indicated above, even if it were mandatory that these issues be raised at arraignment, petitioner's appointed counsel could nonetheless have brought them up at a later stage in the proceedings. There is no claim asserted here that the public defender appointed to represent petitioner did not adequately perform his duty.

### Illegal Search and Seizure—

Even when these allegations are considered on the merits, on the assumption that they are factually well-founded, petitioner would not be entitled to release on habeas corpus. As to the claim of illegal search and seizure, petitioner does not assert that any of the alleged "tainted" evidence was introduced against him at the trial. Assuming that such evidence was received, that would not void the conviction. The decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), holding inadmissible in State prosecutions evidence seized in violation of the Fourth Amendment, is not to be applied retroactively.

Linkletter v. Walker, 381 U.S. 618, 85 S. Ct. 1731, 14 L.Ed.2d 601 (1965), held that *Mapp* does not apply to convictions which became final prior to June 6, 1961. The judgment in petitioner's case was entered on January 24, 1956. Although petitioner did not appeal, the time would have expired six months after the judgment. Minn.Stat.Ann. § 632.01. The time within which to seek review in the United States Supreme Court would then have lapsed ninety days after the judgment of the State court. 28 U.S.C.A. § 2101 (d); U. S. Supreme Court Rule 11(1). Since petitioner's conviction became final prior to the effective date of *Mapp*, he cannot successfully attack his conviction on the ground of illegal search and seizure.[19]

### Illegal Arrest—

Similarly any illegal arrest and detention does not furnish this petitioner grounds for release on habeas corpus, absent any claim that an admission or coerced confession was obtained during that time. Unlawful arrest and confinement alone will not vitiate a conviction where there is no claim that anything occurred at that time which operated to deprive a defendant of a fair trial or in any way prejudiced his rights.[20] Moreover, the legality of an arrest is judged by State—not Federal—law. The Federal constitution comes into play in judging the validity of an arrest or detention when the arrest bears upon a claim of unconstitutional search and seizure.[21] Since petitioner's claim of un-

17. Berryhill v. Page, 349 F.2d 984 (10th Cir. 1965); Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965); United States ex rel. Jones v. Fay, 247 F. Supp. 26 (S.D.N.Y.1965).

18. See Vitoratos v. Maxwell, 351 F.2d 217 (6th Cir. 1965) (State defendant); Black v. United States, 348 F.2d 159 (9th Cir. 1965) (Federal defendant); McGill v. United States, 348 F.2d 791 (D.C.Cir. 1965) (Federal defendant); Johnson v. United States, 333 F.2d 371 (10th Cir. 1964) (Federal defendant); United States ex rel. Combs v. Denno, 231 F. Supp. 942 (S.D.N.Y.1964) (State defendant); State ex rel. Walton v. Tahash,

267 Minn. 555, 126 N.W.2d 387 (1964) (State defendant).

19. See Haugh v. Craig, 351 F.2d 595 (8th Cir. 1965).

20. Delano v. Crouse, 327 F.2d 693 (10th Cir.), cert. denied, 377 U.S. 1004, 84 S. Ct. 1941, 12 L.Ed.2d 1053 (1964); United States ex rel. Sproch v. Ragen, 246 F.2d 264 (7th Cir. 1957); Edgerton v. State of North Carolina, 239 F.Supp. 663 (D.N.C. 1965); Green v. Yeager, 223 F.Supp. 544 (D.N.J.1963), aff'd, 332 F.2d 794 (3rd Cir. 1964).

21. See Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

lawful search and seizure cannot be upheld, no Federal question arises with respect to the arrest and detention.

*Delay in Arraignment—*

 Neither does petitioner's allegation of delay in arraignment state a Federal claim. The matter of arraignment is governed by State law and in the absence of any claim of prejudice resulting from the alleged ten day interval between arrest and arraignment, petitioner has no grounds for complaint.[22] Standing alone, a ten day delay in arraignment probably would not constitute a denial of Federal due process.[23] The Sixth Amendment guarantees a speedy trial—not a speedy arraignment. Any delay in arraignment is relevant to a constitutional claim only as it bears upon the right to a speedy and fair trial.

*Right to Counsel in Post Conviction Proceedings—*

 Although not formally assigned as a grounds for the petition herein, petitioner obliquely suggests that he should have been afforded counsel to assist him in prosecuting his State petitions for habeas corpus and other post conviction relief. The Sixth Amendment's guarantee of the right to counsel does not apply to habeas corpus petitions, which are in the nature of civil actions.[24] Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), held that counsel must be provided an indigent on the first appeal of right, but the opinion carefully distinguishes that situation from proceedings subsequent to the first appeal.[25] Petitioner's claim in this regard is without merit.

*Conclusion—*

From the foregoing, it appears that as a matter of law petitioner is not entitled to discharge on a writ of habeas corpus. In this situation, an evidentiary hearing is not required.[26] The petition should be, and it is hereby, dismissed.

22. United States ex rel. Krzywosz v. Wilkins, 336 F.2d 509 (2d Cir. 1964); Griffith v. Rhay, 177 F.Supp. 386 (E.D. Wash.1959), rev'd on other grounds, 282 F.2d 711 (9th Cir. 1960), cert. denied, 364 U.S. 941, 81 S.Ct. 460, 5 L.Ed.2d 373 (1961).

23. Compare Delano v. Crouse, 327 F.2d 693 (10th Cir.), cert. denied, 377 U.S. 1004, 84 S.Ct. 1941, 12 L.Ed.2d 1053 (1964) (49 day detention before being charged not lack of due process) with State of Louisiana ex rel. Byrnes v. Walker, 217 F.Supp. 168 (E.D.La.1963) (3½ month delay in arraignment held "indefensible.") In the latter case, the court granted a writ of habeas corpus based upon the delay in arraignment. However, the basis for granting the writ was not the Federal constitution, but a State statute providing for prompt arraignment. The delay in petitioner Madison's case may actually have been less than 10 days since his initial arraignment was apparently continued. See note 5, supra. For a compilation of the median and maximum number of days between arrest and arraignment in Minnesota, see Kamisar & Choper, op. cit. supra, note 7 at pp. 42–43, n. 180.

24. Noble v. Sigler, 351 F.2d 673 (8th Cir. 1965); Barker v. State of Ohio, 330 F.2d 594 (6th Cir. 1964); United States ex rel. Boone v. Fay, 231 F.Supp. 387 (S.D. N.Y.1964), cert. denied, Boone v. New York, 380 U.S. 936, 85 S.Ct. 945, 13 L. Ed.2d 823 (1965). See also Kamisar & Choper, op. cit. supra, note 7, at pp. 88–101.

25. "We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawer and passed upon by an appellate court. We are dealing only with the first appeal, granted as a matter of right to rich and poor alike * * *." 372 U.S. at 356, 83 S.Ct. at 816.

26. "Only if it appears from undisputed facts disclosed by the petition, the response to the order [to show cause] and the answer, if any, that as a matter of law petitioner is entitled to discharge, or that as a matter of law he is not, may an evidentiary hearing be avoided." Wright v. Dickson, 336 F.2d 878, 881 (9th Cir. 1964).