127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Otuma Bernard AGADAGA, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 95-35935.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Decided Oct. 27, 1997.
 
 Appeal from the United States District Court for the District of Montana Paul G. Hatfield, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Otuma Bernard Agadaga appeals pro se the district court's denial of his petition for a writ of error coram nobis, challenging his mail and wire fraud convictions, in violation of 18 U.S.C. §§ 1341 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Initially, we note that the district court should have construed Agadaga's petition as a 28 U.S.C. § 2255 motion, rather than a petition for a writ of error coram nobis. Although Agadaga was no longer incarcerated when he filed his petition, he was serving his term of supervised release and thus met the "in custody" requirement of section 2255. See 28 U.S.C. § 2255 (1994); United States v. Span, 75 F.3d 1383, 1386 & n. 5 (9th Cir.1996) (converting on appeal coram nobis petition into section 2255 motion where petitioners were serving sentence of probation when petition filed); cf. United States v. Reyes, 48 F.3d 435, 438 (9th Cir.1995) (noting fact that probation and supervised release are similar). We review de novo. See Span, 75 F.3d at 1386.
 
 
 4
 Agadaga contends that his Sixth Amendment rights were violated because he was denied counsel at his arraignment. This contention lacks merit.
 
 
 5
 For Sixth Amendment purposes, arraignment is a critical stage, at which the defendant has a right to be represented by appointed counsel. See Hamilton v. Alabama, 368 U.S. 52, 54-55 n. 4 (1961) (stating that, under federal law, "arraignment is a sine qua non to the trial itself"); Valenzuela-Gonzalez v. United States, 915 F.2d 1276, 1279 (9th Cir.1990) (noting generally importance of arraignment). A constitutional violation arising from the failure to appoint counsel at a critical stage is subject to harmless error review. See United States v. Perez, 776 F.2d 797, 800 (9th Cir.1985).
 
 
 6
 Here, the record reveals that, at the arraignment, Agadaga pleaded not guilty and the district court set a trial date. Subsequently, the court appointed counsel to represent Agadaga. Agadaga does not explain how he was prejudiced by the court's failure to appoint counsel at the arraignment, other than to assert that "justice was being denied him." We conclude that the failure to appoint counsel was harmless. See Wilfong v. Johnston, 156 F.2d 507, 508-09 (9th Cir.1946) (no prejudice resulted from defendant's unrepresented appearance at arraignment where defendant pleaded not guilty and secured counsel prior to trial); see also Black v. United States, 348 F.2d 159, 160 (9th Cir.1965) (no prejudice where, inter alia, defendant pleaded not guilty and court set trial date).[1]
 
 
 7
 Agadaga also contends that counsel who represented him at his initial appearance was ineffective because she failed to discuss with him, or raise, any possible venue challenge. We review de novo a claim of ineffective assistance of counsel. See United States v. Blaylock, 20 F.3d 1458, 1464-65 (9th Cir.1994). Assuming that Agadaga was entitled to representation at his initial appearance, he has not shown venue in Montana was improper. Accordingly, Agadaga has not shown that he was prejudiced by these omissions and this claim must therefore fail. See Strickland v. Washington, 466 U.S. 668, 691 (1984).
 
 
 8
 Agadaga further contends that counsel who represented him at trial was ineffective because he failed to (1) adequately communicate with Agadaga; (2) properly investigate the charges, venue, and the government's witnesses; and (3) subpoena witnesses on Agadaga's behalf. Agadaga, however, has not shown how further communication or investigation would have benefitted him. Nor has he indicated what testimony the unsubpoenaed witnesses would have offered. Accordingly, he has not shown prejudice and this claim too must fail. See id.
 
 
 9
 Finally, to the extent Agadaga contends that the district court should have afforded him an evidentiary hearing, we reject that contention in connection with his ineffective assistance claims. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.1989) (stating that no evidentiary hearing required if motion is based on conclusory allegations unsupported by facts).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We note that Agadaga's initial appearance and arraignment were conducted at the same hearing. An accused generally does not have a constitutional right to counsel at an initial appearance, because nothing occurs at this stage of the proceedings which would impair the accused's defense. See United States v. Perez, 776 F.2d 797, 800 (9th Cir.1985)